### A. L. ROWAN & SON, GENERAL CONTRACTORS, INC., Plaintiff-Appellant,

### v.

### DEPARTMENT OF HOUSING AND URBAN DEVELOPMENT et al., Defendants-Appellees.

### No. 77–2870.

United States Court of Appeals, Fifth Circuit.

Feb. 13, 1980.

Denis Paul Juge, Gordon F. Wilson, Jr., New Orleans, La., for plaintiff-appellant.

Daniella Sapriel, Gwynn T. Swinson, Dept. of Justice, Washington, D. C., for defendants-appellees.

Before JONES, JOHN R. BROWN and RUBIN, Circuit Judges.

ALVIN B. RUBIN, Circuit Judge:

Because the jurisdiction of United States district courts is limited, and cannot

be extended by consent or waiver, because our appellate jurisdiction is derivative, and because plaintiffs choose those courts in preference to other forums, we confront frequently the question whether an asserted claim lies within the jurisdiction of the district court. The problem becomes an enigma when, as here, there are two different claims, the district court is vested with jurisdiction of only one and another federal court is vested with jurisdiction of the other.[1] There are three possible solutions to the riddle: dividing the case in half, upholding jurisdiction in the district court over a claim not permitted it by Congress because it may have jurisdiction of the other, or, because one of the claims is a contract claim in excess of $10,000, within the jurisdiction of the Court of Claims under the Tucker Act, transferring the case to that court. We review the situation that creates the problem.

A general contractor, A. L. Rowan & Son, whose controlling stockholders are members of a minority group and who, therefore, was solicited for a bid pursuant to policies of the Department of Housing and Urban Development, agreed with the Monroe, Louisiana Housing Authority to build and sell to the Housing Authority a low income housing project for $2,100,139. The price of the project was based on cost estimates, including one from the City of Monroe for off-site improvements necessary to complete the project. The Housing Authority, in turn, entered into an annual contributions contract with HUD, pursuant to 42 U.S.C. § 1437, which, as amended, committed HUD to provide the Housing Authority with financial assistance not to exceed $2,273,921 to allow it to purchase and develop the project. Rowan's bid was accepted.

After the project had been completed, the city assessed a total cost for the off-site improvements that exceeded by $113,173 the sum used to calculate the bid. Both HUD and the Housing Authority refused to increase the amount paid Rowan. Consequently the general contractor sought to recover the excess in district court either as a third-party beneficiary under the annual contribution contract or for unjust enrichment of HUD on the theory that the project was worth $113,173 more than the sum paid for it. The plaintiff alleged jurisdiction under 28 U.S.C. § 1331 (federal question), § 1346 (civil actions against the United States) and § 1361 (action in the nature of mandamus to compel an officer of the United States to perform a duty owed to the plaintiff).

When an action against the United States or its agencies is "founded . . . upon any express or implied contract with the United States" or "for liquidated or unliquidated damages in cases not sounding in tort," 28 U.S.C. § 1346(a)(2), that section is normally relied upon, for it operates both as a waiver of sovereign immunity and a grant of jurisdiction. *See Trans-Bay Engineers & Builders, Inc. v. Hills*, D.C. Cir. 1976, 179 U.S.App.D.C. 184, 190, 551 F.2d 370, 376. However, if such claims exceed $10,000, exclusive jurisdiction to determine them is vested in the Court of Claims. *Blanchard v. St. Paul Fire & Marine Ins. Co.*, 5 Cir. 1965, 341 F.2d 351, 358, *cert. denied*, 382 U.S. 829, 86 S.Ct. 66, 15 L.Ed.2d 73.

The claim on Rowan's behalf as a third-party beneficiary of the contract between HUD and the Housing Authority is a claim based on contract. The rights of a third-party beneficiary spring from the con-

---

1. The plaintiff may prefer to seek relief in a district court because of the decision in *Housing Corporation of America v. United States*, 1972, 468 F.2d 922, 199 Ct.Cl. 705, where the court said, of a set of contracts similar to those here at issue:

   "In summary, there was no privity of contract between defendant and plaintiff, express or implied. Defendant has not consented to be sued by a third party in connec-

   tion with its contractual arrangements . . . Defendant's actions in approving the Contract of Sale between plaintiff and the Commission and in funding such contract were sovereign acts which do not subject defendant to liability."

   *Id.* at 926. That case resulted in a summary judgment dismissing the complaint for failure to state a claim valid against the sovereign, not for lack of jurisdiction.

tract and are determined by general contract law. *See* Restatement of Contracts §§ 142, 143; Restatement of Contracts 2d § 142, (Tent.Draft No. 3, 1967). *See also* G. Palmer, The Law of Restitution, § 4.11 (1978). Therefore, because Rowan seeks to recover $113,000, the district court properly ruled that it did not have jurisdiction under § 1346.

■ On the other hand, a claim for unjust enrichment rests on the concept of a contract implied in law, and is not contractual in nature. The Supreme Court has explicitly held: "The Tucker Act does not give a right of action against the United States in those cases where, if the transaction were between private parties, recovery could be had upon a contract implied in law." *Merritt v. United States*, 1925, 267 U.S. 338, 341, 45 S.Ct. 278, 279, 69 L.Ed. 643. *See generally* The Restatement of Restitution § 5; G. Palmer, *supra*, at § 1.1. This rationale is further explained in *Cleveland Chair Co. v. United States*, Ct.Cl.1977, 557 F.2d 244: "Unjust enrichment . . . lacks the consensual element needed to find a contract implied in fact, and only provides support for the remedial device known as a contract implied in law, over which this court has no jurisdiction." 557 F.2d at 246. *See also Algonac Manufacturing Co. v. United States*, 1970, 428 F.2d 1241, 1255,

192 Ct.Cl. 649. *See generally Baltimore & Ohio Railroad Co. v. United States*, 1923, 261 U.S. 592, 597, 43 S.Ct. 425, 426, 67 L.Ed. 816. If asserted alone, that claim might properly be litigated in a United States district court as a claim arising under the laws of the United States under § 1331.

■ However, this would only get the plaintiff into the courtroom and would not keep it there, for, unlike § 1346, § 1331 implies no general waiver of sovereign immunity. The plaintiff seeks to find the United States' consent in 42 U.S.C. § 1404a, which reads cryptically: "The United States Housing Authority may sue and be sued only with respect to its functions under the United States Housing Act of 1937, as amended, and title II of Public Law 671, Seventy-sixth Congress, approved June 28, 1940, as amended."[2] We do not now attempt to resolve the immunity issue, for to do so would still leave the third party beneficiary claim pending. Moreover, Rowan continues to assert its contract claim as a basis for recovery in this same suit. Its insistence upon asserting both bases for recovery raises the further question: assuming that jurisdiction of the original unjust enrichment claim may be based on § 1331 and that the United States has waived its sovereign immunity,[3] may jurisdiction of

**2.** We note the argument that the sovereign immunity defense was raised belatedly because it is an affirmative defense and was pleaded in the motion to dismiss, but "want of consent is a fundamental defect that may be asserted at any time, and that is not subject to estoppel." Wright, Federal Courts, 3d ed., 82. *United States v. Sherwood*, 1941, 312 U.S. 584, 590, 61 S.Ct. 767, 771, 85 L.Ed. 1058.

The Government notes that Title II of the Housing and Community Development Act of 1974, Pub.L. 93–383, 88 Stat. 653, 42 U.S.C. 1437 *et seq.*, which amended the United States Housing Act of 1937, 42 U.S.C. 1401, *et seq.*, omitted section 1404a from the Act as amended. It asks us, therefore, to infer that section 1404a has now been repealed. While we do not now decide the case on the merits, we do not reach the conclusion urged. Section 1404a was enacted as part of the Housing Act of 1948, 62 Stat. 1268, and not as part of the United States Housing Act of 1937. Thus, although codifiers included it among the provisions of the latter Act, no further Congressional action to make it a part of that Act appears to

have been taken and the codification appears merely to have been a compiler's work rather than a response to a legislative mandate. When the *1937* Act was amended by Congress, there appears to have been no intention to affect the *1948* Act, and the omission of section 1404a appears merely to indicate that it was not part of the *1937* Act. Like the compilers of U.S.C. and U.S.C.A., who continue to carry section 1404a as a unrepealed statute, we consider, at least on the authorities thus far submitted to us, that it has not been repealed.

**3.** The plaintiff pins its hopes on *Trans-Bay Engineers and Builders, Inc. v. Hills*, D.C. Cir. 1978, 179 U.S.App.D.C. 184, 551 F.2d 370, a suit to recover amounts held back in connection with a housing project authorized by a different statute (§ 236 of the National Housing Act, 12 U.S.C. § 1715z–1) than the one here. It was urged that a waiver of sovereign immunity could be found in 12 U.S.C. § 1702 (also part of the National Housing Act) which provides that, in carrying out the provisions of those portions

this claim carry with it jurisdiction over a contract claim in excess of $10,000 so that a federal district court has jurisdiction of both?

We might escape that problem by dismissing the contract claim without prejudice, thus forcing on the plaintiff the severance that it has firmly resisted. However, a solution to the problems that piece-meal consideration would occasion both courts and litigants may be available.

■ Section 1406(c) of the Judicial Code authorizes transfer to the Court of Claims of an action that was within its exclusive jurisdiction but was filed in a district court. We have interpreted the statute to permit transfer from a court of appeals to the Court of Claims. *Dr. John T. MacDonald Foundation, Inc. v. Califano*, 5 Cir. 1978, 571 F.2d 328, 332, *cert. denied*, 439 U.S. 893, 99 S.Ct. 250, 58 L.Ed.2d 238. Accordingly, we have authority to transfer a contract claim over $10,000.

If the contract claim were transferred, the bifurcation of the suit would also be avoided. In *Marine Transport Lines, Inc. v. United States*, 1956, 139 F.Supp. 301, 135 Ct.Cl. 874, *cert. denied*, 352 U.S. 935, 77 S.Ct. 227, 1 L.Ed.2d 163, where suit was brought on a contract claim, the Court of Claims held it also had jurisdiction over other non-contract claims that arose "out of the same transaction." *Id.* at 302. Therefore, since only the Court of Claims can exercise jurisdiction over the entire case, we deem it in the interests of justice to transfer both of the claims arising from the same transaction, with a contract claim stated as the primary basis for recovery, to the Court of Claims.

We so order. The clerk will issue the mandate transferring the case.

---

of the housing law pertinent to the *Trans-Bay* case, "the Secretary of Housing and Urban Development shall 'be authorized in his [her] official capacity, to sue and be sued in any court of competent jurisdiction, State or Federal.' " 179 U.S.App.D.C. at 190, 551 F.2d at 376. The court instead found jurisdiction based on diversity and existence of a federal question, noting in addition, "There is authority to the effect that § 1702 couples a waiver of sovereign immunity and a grant of subject matter jurisdiction in the federal district court." The court assumed that § 1702 is a waiver of sovereign immunity but did not decide whether it conferred federal jurisdiction: whether or not § 1404a is itself a waiver was not even considered. It must be noted that there is a clear difference in language between the two sections and that § 1404a, quoted in the text, is more restrictive.