**ARMOR ELEVATOR CO., INC.,**
Plaintiff, Appellant,

v.

**PHOENIX URBAN CORPORATION et al., Defendants, Appellees.**

**No. 80–1626.***

United States Court of Appeals,
First Circuit.

Argued Feb. 11, 1981.

Decided July 23, 1981.

* This opinion disposes of appeals in the following additional cases.

No. 80–1627  Intercity Painting Co. v. Phoenix Urban Corporation et al.

No. 80–1628  Foundation Engineering Systems, Inc. v. Phoenix Urban Corporation et al.

No. 80–1629  C & M Roofing Company, Inc. v. Phoenix Urban Corporation et al.

No. 80–1630  Universal Testing Services, Inc. v. Phoenix Urban Corporation et al.

No. 80–1631  Manganaro Brothers, Inc. v. Phoenix Urban Corporation et al.

No. 80–1632  Geotechnical Consultants, Inc. v. Phoenix Urban Corporation et al.

Peter J. Gagne, Boston, Mass., with whom Joseph A. Pisarri, and Corwin & Corwin, Boston, Mass., were on brief, for plaintiff, appellant.

Michael Kimmel, Atty., Dept. of Justice, Washington, D. C., with whom Edward F. Harrington, U. S. Atty., Boston, Mass., and Alice Daniel, Asst. Atty. Gen., Washington, D. C., were on brief, for the Secretary of Housing and Urban Development, defendant, appellee.

Before ALDRICH, Senior Circuit Judge, WINTER,** Circuit Judge, and WYZANSKI,*** Senior District Judge.

WINTER, Circuit Judge.

Seven unpaid subcontractors employed in the construction of the Charles River Park housing and office complex in Boston sued the general contractor, the owner and the Secretary of HUD for payment. The cause of action alleged against the Secretary was that HUD had insured a $42 million construction loan under § 220 of the National Housing Act, 12 U.S.C. § 1715k, that HUD had failed to comply with various regulations or guidelines under the Act designed to protect the security of loans that it insures, and that this failure ultimately resulted in nonpayment by the general contractor of moneys it owed to the plaintiffs for their work on the project.

The district court dismissed the Secretary on his motion ruling that under the circumstances of this case the "sue and be sued" provision of § 1 of the Act, 12 U.S.C. § 1702, did not waive sovereign immunity to suit so as to give the district court jurisdiction, and that exclusive jurisdiction for the suit was vested in the Court of Claims. The district court certified and we allowed this interlocutory appeal. We think that the district court was correct in ruling that it lacked jurisdiction albeit for reasons supplemental to those assigned by the district court. We also think for the reasons assigned by the district court, that if any federal jurisdiction exists it is vested in the Court of Claims. We affirm.

## I.

The issue before us is whether the Secretary may be sued for consequential damages sustained as a result of the alleged maladministration of a loan. In this case plaintiffs do not claim that they had any contractual relations with the Secretary or that they were the third-party beneficiaries of any contract to which the Secretary is a party. Nor do they allege that the Secretary has property or funds upon which they have a lien, or that the Secretary has a property interest which has been increased in value by labor or materials supplied by them. Finally, they do not allege that the Secretary has a present interest in the complex which has been increased in value by labor or materials which they provided or that the Secretary has been unjustly enriched. Rather their claim is one sounding in tort; and although they characterize the Secretary's alleged liability as an "equitable obligation", their failure to make any of the allegations that we have listed, indicates to us that they mean no more than that their claim is a "just" one aside from any specific theory of legal or equitable entitlement.

## II.

The right to sue the Secretary (and the Secretary's right to sue) is found in 12 U.S.C. § 1702. Unlike other statutes where, for specific purposes, Congress has broadly waived the sovereign immunity of the United States to suit, § 1702 confers upon the Secretary, in his official capacity, the capacity to sue and be sued only for the purpose of "carrying out the provisions of . . . [the National Housing Act]." The language pertinent here was added in 1935 as a "minor clarifying amendment" to the National Housing Act. S.Rep.No.1007, 74th Cong., 1st Sess. 24 (1935). The legislative history is otherwise unilluminating, but the language employed in the Senate Report suggests that the amendment was contemplated to be limited in scope.

** Of the Fourth Circuit, sitting by designation.

*** Of the District of Massachusetts, sitting by designation.

*Federal Housing Administration v. Burr,* 309 U.S. 242, 60 S.Ct. 488, 84 L.Ed. 724 (1940), is the seminal case on the "sue and be sued" clause of § 1702. It decided that the Federal Housing Administration, created by the National Housing Act and the predecessor of the Secretary under § 1702, was subject to garnishment by a judgment creditor of one of its former employees with respect to the employee's unpaid wages earned while employed to carry out the Act. Succinctly stated, the Court's opinion said that when Congress permits an agency to "sue and be sued":

> [I]t cannot be lightly assumed that restrictions on that authority are to be implied. Rather if the general authority to "sue and be sued" is to be delimited by implied exceptions, it must be clearly shown that certain types of suits are not consistent with the statutory or constitutional scheme, that an implied restriction of the general authority is necessary to avoid grave interference with the performance of a governmental function, or that for other reasons it was plainly the purpose of Congress to use the "sue and be sued" clause in the narrow sense. In the absence of such showing, it must be presumed that when Congress launched a governmental agency into the commercial world and endowed it with authority to "sue and be sued," that agency is not less amenable to judicial process than a private enterprise under like circumstances would be. (footnote omitted).

309 U.S. at 245, 60 S.Ct. at 490.

The decision in *Burr* has been variously construed by the courts which have considered it. Like the district court in the instant case, some courts have held that suit against the Secretary will lie only when the Secretary controls funds authorized to be used for the payment of the plaintiff's alleged losses. *See, e. g., DSI Corp. v. Secretary of HUD,* 594 F.2d 177 (9 Cir. 1979); *Marcus Garvey Square, Inc. v. Winston Burnett Constr. Co.,* 595 F.2d 1126 (9 Cir. 1979); *United States v. Adams,* 634 F.2d 1261 (10 Cir. 1980). We believe this too narrow an interpretation; but if that theory is invoked here, the Secretary is entitled to judgment as the district court explained. Other courts, however, have looked more to discerning the Congressional intent in enacting the limited waiver of immunity by considering whether the plaintiff's claim is of the type for which a private enterprise doing business in the commercial world would be liable. Thus it has been held that the Secretary can be sued on contracts for services, *Federal Housing Administration v. Burr, supra,* or by assuming the role of mortgagee, *e. g. S.S. Silberblatt, Inc. v. East Harlem Pilot Block,* 608 F.2d 28 (2 Cir. 1979), or as insurer at the instance of the insured, *e. g. Ferguson v. Union Nat'l Bank of Clarksburg,* 126 F.2d 753 (4 Cir. 1942), or by assuming the role of the titleholder, *e. g. Trans-Bay Engineers and Builders, Inc. v. Hills,* 551 F.2d 370 (D.C.Cir.1970), or as the seller, *e. g. Krupp v. Federal Housing Authority,* 285 F.2d 833 (1 Cir. 1961). The rationale of these holdings has been variously that the Secretary may be sued on a contract made by him by a party to the contract and by a third-party beneficiary of the contract, in short, by any person having direct contractual relations with the Secretary on a claim derived from the contract. Another rationale which has been employed is the theory of unjust enrichment exemplified by *Trans-Bay Engineers and Builders, Inc. v. Hills,* 551 F.2d at 381–83. There the borrower defaulted and the lender assigned the mortgage to the Secretary who had insured it. She acquired the property through foreclosure at 10% less than the actual value of the mortgage because the 10% assurance of completion retainage had not been paid and then she sought to avoid paying the retainage herself. The Secretary thus deprived the general contractor of payments for services rendered and the contractor was unable to protect itself legally because the construction contract required the waiver of mechanic's liens. Because the Secretary had unjustly enriched herself at the expense of the general contractor, she was held subject to liability to pay the unpaid retainage.

The rationale of none of the cases decided subsequently to *Burr* is applicable here. As

we have stated, plaintiffs neither allege that they had any direct contractual relations with the Secretary nor do they allege that they are third-party beneficiaries under any of the Secretary's contracts. Similarly, they fail to allege a case of unjust enrichment. They have failed to show any benefit that has inured to the Secretary. Their claim is simply that by reason of the Secretary's failure to comply strictly with regulations prescribed by the Secretary they went unpaid while strict compliance likely would have resulted either in the project not having been undertaken so that they would not have been employed, or if undertaken, that available funds would have been sufficient to pay them. We conclude therefore this type of claim is beyond the limited waiver of sovereign immunity enacted by Congress. Certainly we do not construe the claims as ones the redress of which will carry out the provisions of the National Housing Act. Nor do we think that the claim is like any that would be made against a private enterprise since its foundation is alleged noncompliance with a self-governing regulation.

### III.

Our conclusion is reinforced by another consideration. Plaintiffs' claims sound in tort. If § 1702 is deemed a waiver of immunity for torts committed by the Secretary in carrying out the National Housing Act, surely the limited waiver was superseded by the enactment of the Federal Tort Claims Act. A provision, 28 U.S.C. § 2679(a), withdraws from federal agencies vested with the right to sue and be sued the authority to be sued for the torts of any employee acting within the scope of employment of his office under circumstances where the United States, if a private person, would be liable, and makes the legal remedy under 28 U.S.C. § 1346(b) exclusive. Of course, if plaintiffs' action is treated as one in tort, it follows that plaintiffs are barred from suit because of their failure to allege that they exhausted their administrative remedies by presenting their claims to the Secretary as a condition precedent to bringing suit. 28 U.S.C. § 2675. However,

it is not necessary for us to decide that plaintiffs' action is an action for tort, and we do not so decide. For present purposes it is sufficient to hold that the district court lacked jurisdiction under § 1702.

If any federal jurisdiction exists, it is in the Court of Claims as the district court decided, and it is for that court to determine if it has jurisdiction. We do not so intimate that it does have jurisdiction, but we think that to avoid any problem of limitations the district court correctly transferred the case to the Court of Claims. *See* 28 U.S.C. § 1406(c).

AFFIRMED.

WYZANSKI, Senior District Judge, concurring in part, and dissenting in part:

I concur in my brethren's view that in these seven cases the plaintiffs have not alleged a breach of any express or implied contract, and that, as this court's opinion states, "plaintiffs' claims sound in tort." If by the Act of August 23, 1935, c. 614, 49 Stat. 684, 722, Congress originally waived sovereign immunity so as to subject the Administrator of the National Housing Act to suit upon claims of this nature, I agree with my brethren that, by the Federal Tort Claims Act, Act of June 25, 1948, c. 646, 62 Stat. 984, 28 U.S.C. § 2679 (now 28 U.S.C. § 2679(a)), Congress withdrew that waiver and as a consequence the Secretary of HUD was not subjected to suit upon these claims by the provisions of the Act of May 25, 1967, 81 Stat. 17, 18, 12 U.S.C. § 1702.

Furthermore, I agree that the United States is not subject to a tort action upon these claims because the plaintiffs have not alleged that they presented the claims administratively to the Secretary, as required by 28 U.S.C. § 2675.

My dissent is confined to the narrow point that, no claim of express or implied contract having been made, there is no occasion to transfer this case to the Court of Claims. Therefore, in my opinion, the district court's judgment directing the transfer should be reversed, and the district court should proceed in accordance with the other parts of this court's opinion.