**Gustavo ROMANACH, Plaintiff,**

v.

**UNITED STATES of America, Defendant.**

**Civ. No. 83–0214 HL.**

United States District Court, D. Puerto Rico.

Feb. 14, 1984.

Elisa Bobonis Lang, John M. Garcia, Hato Rey, P.R., for plaintiff.

Francisco A. Besosa, Asst. U.S. Atty., Hato Rey, P.R., for defendant.

## OPINION AND ORDER

LAFFITTE, District Judge.

This matter is before the Court on motion to dismiss of defendant United States of America, brought under Rule 12(b)(1) and (6), Federal Rules of Civil Procedure, on the grounds that this action is barred by the exception to the Act comprised in Section 2680(c) of Title 28, which provides in its pertinent part as follows:

"Section 2680 Exceptions.

The provisions of this Chapter and Section 1346(b) of this title shall not apply to—

(a) ...

(b) ...

(c) Any claim arising in respect of the assessment or collection of any tax or custom duty, or the detention of any goods or merchandise by an officer of customs or excise or any law enforcement officer."

Defendant further asserts that plaintiff should have invoked the Suits in Admiralty Act where jurisdiction should lie, if at all, 46 U.S.C. § 41 et seq. But even then, defendant alleges, the complaint was not filed within the two year limitation period provided by 46 U.S.C. § 745.

This action was brought against the United States[1] for damages incurred by property in the custody of the United States Customs Service, under the Federal Tort Claims Act and its jurisdictional counterpart, 28 U.S.C. §§ 2674 and 1346(b). Plaintiff seeks $11,663.70 in damages.

The material facts in this case are as follows:

On June 4, 1980, plaintiff's vessel, the M/V Longhorn, arrived in Key West, Florida, from Mariel, Cuba, with 192 alien passengers. None of the passengers was in possession of a valid unexpired visa to enter the United States. The vessel was seized by the United States Customs Service pursuant to statutory authority for violation of 8 U.S.C. § 1323. That same day the M/V Longhorn was taken to Key West Marina under the custody of the United States Customs Service. Once there, plaintiff alleges that the vessel was vandalized and some of its equipment stolen due to the negligence of defendant. Plaintiff filed an administrative tort claim on April 20, 1982, which never reached a final determination. Title 28 United States Code Section 2675(a) gives plaintiff the right to file a complaint if the agency does not make a final disposition of the claim within six months of its filing. On February 10, 1983, plaintiff filed his action in this Court.

Historically, the doctrine of sovereign immunity served as an absolute bar to recovery by those who suffered injury or loss as a result of acts of federal employees acting

---

1. Plaintiff also sued the U.S. Department of Justice, U.S. Immigration and Naturalization Service, U.S. Customs Service, and U.S. Coast Guard as party defendants. Since the United States is the only suable entity, and no suit under the Act may lie against any agency of the United States *eo nomine,* the suit against all other defendants is hereby dismissed. See, 28 U.S.C. § 1346(b) and 28 U.S.C. § 2679. *Armor Elevator Co., Inc. v. Phoenix Urban Corp.,* 655 F.2d 19, 22 (1st Cir.1981).

within the scope of their employment. The Federal Tort Claims Act, 28 U.S.C. § 2671 et seq., was Congress' response to complaints that sovereign immunity worked an injustice on citizens who had suffered such damages. In general, the statute waives sovereign immunity so the government is liable in circumstances where private persons would be responsible for damages in tort. 28 U.S.C. § 2674. *United States v. Orleans,* 425 U.S. 807, 96 S.Ct. 1971, 48 L.Ed.2d 390 (1976). Since the United States can be sued only to the extent that it has waived its immunity, due regard must be given to exceptions. Section 2680(c) is one of those inserted in the Act.

In our view, the language of the exception covers all claims arising out of detention of goods by Customs officers. *Kosak v. United States,* 679 F.2d 306 (3rd Cir. 1982). Plaintiff's remedy would be to show an unconstitutional forfeiture and sue under 28 U.S.C. § 1346(a)(2). *United States v. One 1972 Wood, 19 Ft. Custom Boat,* 501 F.2d 1327 (5th Cir.1974). He has not pursued that course. Nor has he filed his claim under the Suits in Admiralty Act. Therefore, this action, arising from a detention of goods by a Customs officer, is barred by 28 U.S.C. § 2680(c).

Plaintiff's response to the motion to dismiss includes argument that the vessel was seized by Immigration authorities pursuant to immigration laws and that the vandalism occurred while the vessel was under the custody of the Key West Redevelopment Agency, which had orders from either United States Customs or United States Immigration. We have no doubt that the vessel was seized by United States Customs for violation of Immigration laws. To carve out an exception based upon plaintiff's argument, we would have to render to 28 U.S.C. § 2680(c) an interpretation which Congress did not intend.

In view of the above, this case is dismissed for lack of subject matter jurisdic-

tion.[2] The Clerk of the Court is instructed to enter judgment accordingly.

IT IS SO ORDERED.

---

**2.** In view of our holding predicated on Section 2680 exception, we need not elaborate further on defendant's second defense, predicated on the Suits in Admiralty Act. But, see: *Roberts v.*

*United States,* 498 F.2d 520 (9th Cir.1974); cert. denied, 419 U.S. 1070, 95 S.Ct. 656, 42 L.Ed.2d 665; *McCormick v. United States,* 680 F.2d 345 (5th Cir.1982).