In the

# United States Court of Appeals
## For the Seventh Circuit

No. 18-1787

CITY OF JOLIET, ILLINOIS,

*Plaintiff-Appellee,*

*v.*

NEW WEST, L.P., AND NEW BLUFF, L.P.,

*Defendants-Appellants.*

Appeal from the United States District Court for the
Northern District of Illinois, Eastern Division.
No. 05 C 6746 — **Charles R. Norgle**, *Judge.*

ARGUED FEBRUARY 21, 2019 — DECIDED APRIL 18, 2019

Before EASTERBROOK, SYKES, and BARRETT, *Circuit Judges.*

EASTERBROOK, *Circuit Judge.* This appeal is *New West V* in a saga that began in 2005 when Joliet proposed to condemn and raze the Evergreen Terrace apartments as a public nuisance. By 2017 the district court had held that Joliet is entitled to condemn the buildings, had set just compensation at about $15 million, and had held that New West cannot obtain relief against the City under federal housing-discrimination statutes. *New West, L.P. v. Joliet*, 891 F.3d 271

(7th Cir. 2018) (*New West IV*), affirms the last of those decisions, and we supposed that the litigation was over.

Back in the district court, however, the parties disputed the status of a reserve fund, worth about $2.8 million, that the Department of Housing and Urban Development held to provide for the needs of the federally subsidized apartment complex. The City asked the judge to order HUD to transfer these funds to an account for Joliet's benefit. New West opposed this motion, contending that the money in the reserve fund came from rents to which it was entitled by contract with HUD and that, once it no longer had responsibility for the apartment buildings, HUD must write it a check.

The district court recognized that the status of the reserve fund had not been part of either the City's condemnation proceeding or New West's housing-discrimination suit. Nonetheless, the court proceeded to resolve the motion on the merits. It rejected New West's claim of ownership, concluded that the fund should accompany the buildings, and ordered: "Defendants shall deposit the Reserves in an account or accounts designated by Joliet for the benefit of the Properties, as determined by HUD." New West asked the judge to reconsider, but he declined.

The judge did not say much about why he came to this conclusion. And an order requiring "[d]efendants" to transfer the money is anomalous, for the defendants are New West and its fraternal business New Bluff. They lack ability to transfer the money to themselves or anyone else. HUD controls the reserve fund and is the only entity that can use (or direct its use) for the benefit of Joliet or disburse it to New West. But HUD was dismissed as a party in 2013. As part of a settlement that year, HUD agreed that it could be

reinstated as a party if necessary to resolve a dispute about the reserves. But that was not done. HUD was not a party when the district court acted and is not a party now, so the district court lacked authority to issue orders requiring HUD to do anything. The orders appealed from are ineffectual.

Instead of prolonging this condemnation suit, which reached its end in 2016, when *Joliet v. New West, L.P.*, 825 F.3d 827 (7th Cir. 2016) (*New West III*), affirmed the award of compensation, and the Supreme Court declined to review our decision, 137 S. Ct. 518 (2016), New West needs to file a new action in which it is the plaintiff and HUD is the defendant. It is improper to keep adding issues to a condemnation suit that has been resolved. (New West, rather than Joliet, would be the proper plaintiff, because HUD is currently administering the reserve for the City's benefit.)

One natural place for a new suit would be the Court of Federal Claims. New West contends that it owns the reserve fund as a result of contracts between itself and HUD, read in light of regulations that (New West believes) require release of the funds if the subsidized parcel is sold. In other words, New West wants a court to order the federal government to pay it a sum of money. The Tucker Act, 28 U.S.C. §1491, waives sovereign immunity for contract claims, provided that the litigation occurs in the Court of Federal Claims. Contrast 28 U.S.C. §1346(a)(2) (the "Little Tucker Act," which permits contract suits seeking $10,000 or less to proceed in district courts).

Until oral argument of this appeal the litigants, the district judge, and HUD (appearing as *amicus curiae*) all had ignored the Tucker Act. Indeed, they had ignored the fact that HUD is not a party and that the district court's directive to

"[d]efendants" ordered the impossible. We asked the parties, plus HUD, to file supplemental memoranda addressing these subjects. HUD and New West both replied that 42 U.S.C. §1404a permits litigation about the reserves to occur in the district court, in a newly filed suit against HUD. This is not as clear to us as it is to the parties.

Section 1404a permits HUD to "sue and be sued … with respect to its functions under the United States Housing Act of 1937". According to New West, the status of the reserve fund is a "function[] under the United States Housing Act of 1937". Yet New West principally relies on its housing-subsidy contract with HUD, not on the terms of any statute. Indeed, at oral argument counsel for all sides represented that the statute does not resolve this dispute.

But 12 U.S.C. §1702, which the parties' supplemental briefs do not mention, appears to cover the subject. It provides that "[t]he Secretary shall, in carrying out the provisions of [several subchapters of the National Housing Act], be authorized, in his official capacity, to sue and be sued in any court of competent jurisdiction, State or Federal." *FHA v. Burr*, 309 U.S. 242 (1940), holds that this statute must receive a generous construction and provides that the FHA (which is now part of HUD) may be sued to the same extent as a private enterprise, when the topic of the suit comes within one of the listed subchapters and the money to satisfy the judgment will come from funds within the FHA's control. The statute behind the mortgage insurance provided to New West, 12 U.S.C. §1715*l*, is within one of these chapters, and HUD controls the reserve fund, so New West's claim to that fund, whether based on contract, regulation, or statute, comes within the waiver in §1702. See, e.g., *Merrill Tenant*

*Council v. HUD*, 638 F.2d 1086 (7th Cir. 1981); *Selden Apartments v. HUD*, 785 F.2d 152, 156–57 (6th Cir. 1986) (collecting authority). One decision, *United States v. Adams*, 634 F.3d 1261, 1265 (10th Cir. 1980), might be seen as contrary, but it is incompatible with *Merrill* and does not reflect this circuit's understanding of §1702.

New West thus has a choice: the district court or the Court of Federal Claims. It cannot pursue both options at once, however. See 28 U.S.C. §1500; *United States v. Tonoho O'odham Nation*, 563 U.S. 307 (2011). In either forum, the judge should start from scratch, disregarding the missteps in the condemnation suit. We have nothing to say here about the merits of that dispute, which must receive a proper airing before it is resolved on appeal—and if the suit proceeds in the Court of Federal Claims, final decision on the merits belongs to the Federal Circuit rather than to us.

The district court's decision is vacated.