**Jose A. Hernandez SANTIAGO,**
**Plaintiff,**

v.

**ECOLAB, INC. et al., Defendants.**

**No. CIV. 03–1398(RLA).**

United States District Court,
D. Puerto Rico.

Feb. 9, 2004.

Juan F. Matos–Bonet, Javier A. Morales–Ramos, San Juan, PR, for Plaintiff.

Luis G. Martinez–Llorens, Colon, Colon & Martinez, San Juan, PR, for Defendant.

## ORDER DISMISSING THE COMPLAINT

ACOSTA, District Judge.

Plaintiff, domiciled in Puerto Rico, instituted this action against ECOLAB, INC., a Minnesota corporation, and its unknown insurers under diversity jurisdiction principles. In essence, plaintiff seeks relief for loss of eyesight as a result of contact with a product named Super Trump. According to the complaint, "while using Super Trump an amount of it splashed on the right side of plaintiff's face and right eye."[1] Despite the medical treatment provided, plaintiff "became blind of his right eye and is losing vision in his left eye."[2] Plaintiff claims defendant ECOLAB, INC. is liable under strict products liability principles due to the allegedly inadequate warnings and/or instructions provided for the Super Trump product.

Plaintiff alleges both in the complaint and in the Joint Initial Scheduling Conference Memorandum that ECOLAB, INC. is the manufacturer[3] and distributor[4] of the product.

Defendant ECOLAB, INC. has moved to dismiss the complaint alleging that it did not manufacture, sell or deliver the product in question. According to the statement under penalty of perjury submitted by the defendant,[5] it was ECOLAB MANUFACTURING, INC., its wholly owned subsidiary with its principal place of business in Puerto Rico, which manufac-

---

1. Complaint ¶ III–8.

2. Complaint ¶ III–11.

3. Joint ISC Memorandum (docket No. 10) p. 6.

4. Complaint ¶ III–1.

5. Attached to defendant's Informative Motion, filed on November 20, 2003 (docket No. 13).

tured, sold and delivered the product to plaintiff's place of employment.[6]

In response to defendant's disclaimer of liability plaintiff argues that due to the fact that the information on the product's label specifically makes reference to ECOLAB, INC.—with no mention of the local subsidiary—and that the product's Material Safety Data Sheet was issued by ECOLAB, INC. "it leads any person reading the label to reasonably believe that the manufacturer is ECOLAB, INC." [7] Hence, plaintiff concludes, ECOLAB, INC. is responsible to plaintiff under the "apparent authority" doctrine.

### Apparent Authority Doctrine

This is an action based on diversity of jurisdiction and therefore, local substantive law applies. *Correa v. Cruisers*, 298 F.3d 13, 22 (1st Cir.2002); *Torres v. E.I. Dupont De Nemours & Co.*, 219 F.3d 13 (1st Cir.2000); *Fitzgerald v. Expressway Sewerage Constr., Inc.* 177 F.3d 71, 74 (1st Cir.1999); *Servicios Comerciales Andinos, S.A. v. Gen. Elec. Del Caribe, Inc.*, 145 F.3d 463, 479 (1st Cir.1998).

In *Berrios v. U.P.R.*, 116 D.P.R. 88 (1985) the Puerto Rico Supreme Court made reference to the apparent authority doctrine. The issue in *Berrios* was who was responsible for the administration of a medical entity charged with negligence resulting in the death of plaintiffs' relative. Throughout the years of proceedings both the COMMONWEALTH OF PUERTO RICO and the pertinent MUNICIPALITY disclaimed knowledge of the real party in interest as well as denied any liability on their part. However, the evidence eventually demonstrated that the COMMONWEALTH OF PUERTO RICO, through its HEALTH DEPARTMENT,

had transferred control over the hospital to a third party approximately seven months prior to decedent's demise. The Supreme Court severely censured the defendants and ruled that through their silence, evasive conduct and appearances these two defendants had portrayed and cloaked themselves at all times with authority and control over the medical center thereby inducing plaintiffs into a reasonable belief of such misrepresentation. *Id.* at 96. The Supreme Court also noted that it was almost impossible for persons seeking medical assistance at the municipality's health care center to ascertain that they were being treated by a non-municipal or state facility nor did they have any way of knowing. The name of the enterprise was nowhere to be seen. Rather, the building signs, ambulances, records and documents all made reference to the municipal and/or state government.

The MUNICIPALITY was found jointly liable because, according to the Supreme Court, through its intentional conduct concurrently with the COMMONWEALTH it induced plaintiffs into believing that those who operated and managed the health care center were its agents acting within the scope of their authority.

The case, however, was resolved based on equitable principles of good faith and the "doctrine of one's own acts". *Berrios*, 116 D.P.R. at 98 (translation ours). The apparent authority doctrine was mentioned by the Court while making reference to the "tendency" in the United States. It specifically noted that "[t]he North American custom is to impose this type of liability under the 'apparent authority' doctrine... [which] is rooted on

---

6. Including the local corporation as a party defendant would destroy diversity between the parties.

7. Motion Showing Cause, filed on January 15, 2004 (docket No. 20) p. 3.

estoppel principles." *Id.* at 97 n. 2 (translation ours).

The Puerto Rico Supreme Court, however, has unequivocally rejected application of the estoppel doctrine as developed in the common law to its local legal system. The court has forewarned against possible conflicts created by incorporating doctrines from other jurisdictions, particularly from the common law, into Puerto Rico's civil law tradition. Instead, it has utilized a similar equitable principle known as "doctrina de actos propios" and loosely translated as the "doctrine of one's own acts." *Corraliza Rodriguez v. Banco Desarrollo Economico,* 2001 WL 40070, 2001 TSPR 2, 6, 2001 JTS 5 (Jan. 9, 2001).

The doctrine of one's own acts flows from art. 7 of the Puerto Rico Civil Code, 31 P.R. Laws Ann. § 7 (1993),[8] which allows the court to interject equity principles in the absence of a specific applicable legal provision. *Corraliza,* 2001 TSPR at 6, 2001 WL 40070. "This principle is parallel to the doctrine of estoppel in English law," *Int'l Gen. Elec. v. Concrete Builders of P.R., Inc.,* 104 D.P.R. 871, 877 (1976) (translation ours) and even though some connections exist between the two, there are differences in their development and content. *Corraliza,* 2001 TSPR at 7, 2001 WL 40070; *Berrios,* 116 D.P.R. at 97 n. 2 (1985); *Lausell Marxuach v. Diaz De Yanez,* 103 D.P.R. 533, 537 (1975).

■ According to the Puerto Rico Supreme Court, the underlying premise of the doctrine of one's acts is that all parties are bound to act in good faith and hence, must not engage in conduct contradictory to previous behavior. In order to establish liability under this doctrine, plaintiff must present evidence of (a) specific conduct, (b) which has brought about an apparent situation contrary to reality and capable of influencing the conduct of others, and (c) another party who has acted in good faith and in reliance thereto would be prejudiced should its trust be defrauded. *Corraliza.*

■ Even assuming *arguendo* that the label information and the fact that the Material Safety Data Sheet for the product was submitted by ECOLAB, INC. are sufficient grounds to support plaintiff's good faith belief that it was manufactured by the defendant herein, plaintiff still fails to meet the remaining requirements for application of the doctrine.

The underlying premise of the "doctrine of one's own acts" is that the proponent relied on another party's representations and disallowing them would operate to his detriment. Plaintiff has failed to adduce any facts evidencing reliance on his part regarding the manufacturer's identity. The product at issue was purchased by plaintiff's employer. There is no evidence that the true identity of the manufacturer was in any way determinative of plaintiff's use of it. Nor can we fathom how plaintiff could possibly be prejudiced by his purported reliance that ECOLAB, INC. was the manufacturer as opposed to its local subsidiary but for the fact that he would have to seek relief in the local forum.

In other words, we fail to grasp how plaintiff's good faith reliance as to the identity of the manufacturer would work to his detriment in these proceedings. It is important to bear in mind that when applying this doctrine we are dealing with

---

8.  In pertinent part, it reads:
    When there is no statute applicable to the case at issue, the court shall decide in accordance with equity, which means that natural justice, as embodied in the general principles of jurisprudence and in accepted and established usages and customs, shall be taken into consideration.

equitable principles and we do not see where the unfairness to plaintiff lies.

Based on the foregoing, the complaint filed in this case is hereby **DISMISSED.**[9]

Judgment shall be entered accordingly.

IT IS SO ORDERED.

### JUDGMENT

The court having dismissed the complaint filed in this case through its Order issued on this date, it is hereby

ORDERED AND ADJUDGED that the complaint filed in this case be and the same is hereby **DISMISSED.**

IT IS SO ORDERED.

---

**9.** *See* Omnibus Order for plaintiff to show cause, filed on December 5, 2003 (docket No. 16); plaintiff's Motion Showing Cause, filed on January 15, 2004 (docket No. **20**) and defendant's Reply tendered on January 26, 2004. The Motion for Leave to File Reply, filed on January 26, 2004 (docket No. **23**) is **GRANTED**.