# United States Court of Appeals
## For the First Circuit

No. 04-1455

JOSÉ A. HERNÁNDEZ-SANTIAGO,

Plaintiff, Appellant,

v.

ECOLAB, INC., ET AL.,

Defendants, Appellees.

APPEAL FROM THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF PUERTO RICO

[Hon. Raymond L. Acosta, Senior U.S. District Judge]

Before

Torruella, Howard, Circuit Judges,

and Carter,[*] Senior District Judge.

Javier A. Morales Ramos with whom Juan F. Matos Bonet was on brief, for appellant.
Luis G. Martínez Lloréns with whom Colón, Colón & Martínez, P.S.C. was on brief, for appellee.

February 7, 2005

---

[*]Of the District of Maine, sitting by designation.

**Per Curiam**.  Plaintiff-appellant José Hernández-Santiago appeals from a judgment dismissing his complaint against defendant-appellee Ecolab, Inc., on the ground that the district court lacked subject matter jurisdiction.  We vacate the judgment and remand for further proceedings.

Hernández, a citizen of Puerto Rico, filed this diversity action in federal court against Minnesota-based Ecolab, seeking damages arising out of injuries that he sustained in a work-related accident using a cleaning product called Super Trump.  Hernández's complaint alleged that Ecolab violated Puerto Rico's products liability laws by failing to include appropriate instructions and warnings with the Super Trump product.  After being served with the complaint, Ecolab answered by denying liability and asserting several affirmative defenses.

At the Fed. R. Civ. P. 16(b) scheduling conference, Ecolab's counsel informed the court that it did not believe that it had manufactured or sold the product to Hernández's employer.  Rather, counsel believed that Ecolab Manufacturing, Inc. -- Ecolab's wholly owned Puerto Rico subsidiary -- had manufactured and sold the product.  At the conclusion of the conference, the court ordered Ecolab to provide Hernández with information concerning the entity that had manufactured and sold the product to his employer.

Ecolab responded by filing with the court an affidavit from its general counsel stating that, based on a review of Ecolab's and Ecolab Manufacturing's records, it appeared that the product had been manufactured and sold to Hernández's employer by Ecolab Manufacturing. Construing this filing as a motion to dismiss for a lack of subject matter jurisdiction, the court issued Hernández an order to show cause "why [his] case should not be dismissed for lack of jurisdiction in view of the evidence filed by [Ecolab] in support of its claim that the product at issue in this litigation was manufactured, sold and/or delivered to plaintiff's employer by [Ecolab Manufacturing], [Ecolab's] wholly owned subsidiary, a Puerto Rico corporation." (Emphasis supplied).

After receiving the show cause order, Hernández sought both an extension of time to respond and an order requiring Ecolab to comply with certain discovery requests related to the manufacturer-identity issue. The court granted the extension and ordered Ecolab to provide the requested discovery.

Subsequently, Hernández filed a response to the show cause order and a motion for discovery sanctions. In both submissions, Hernández complained that Ecolab still had not provided it with the discovery necessary to ascertain whether Ecolab Manufacturing, in fact, had manufactured and sold the Super Trump product to his employer. Hernández also argued that, even if Ecolab did not manufacture or sell the product, it was nevertheless

liable under the doctrine of agency by apparent authority because the product and the included warnings and instructions indicated that Ecolab was the manufacturer.  The court rejected this argument and dismissed the complaint.  See Hernández-Santiago v. Ecolab, Inc., 303 F. Supp. 2d 51 (D.P.R. 2004).  It ruled that Puerto Rico applies the doctrine of "one's own acts" (instead of the doctrine of agency by apparent authority) which requires that a plaintiff seeking to impute liability to a third party demonstrate that the third party engaged in conduct which created a perception contrary to reality and that the plaintiff detrimentally relied on the third party's representation.  Id. at 54.[1]  In the court's view, Hernández had failed to show detrimental reliance.  Hernández appeals from this ruling.

In issuing the show cause order and ultimately dismissing the complaint, the district court concluded that the question of which entity manufactured and sold the Super Trump product to Hernández's employer implicated its subject matter jurisdiction. We review this legal conclusion de novo.  See Cotter v. Mass. Ass'n of Minority Law Enforcement Officers, 219 F.3d 31, 34 (1st Cir. 2000).

---

[1]But see Grajales-Romero v. Am. Airlines, Inc., 194 F.3d 288, 293 (1st Cir. 1999)(doubting whether principles for imputing liability to a third party under Puerto Rico law differ from the traditional agency by apparent authority doctrine).

In a diversity action where there is no question of ripeness, mootness, or standing, the existence vel non of subject matter jurisdiction typically turns on two facts -- diversity of citizenship and amount in controversy. See Valentin v. Hosp. Bella Vista, 254 F.3d 358, 362-63 (1st Cir. 2001); 28 U.S.C. § 1332. Under Fed. R. Civ. P. 12(b)(1), a party may contest the court's subject matter jurisdiction by challenging the allegations in the complaint as insufficient on their face or by questioning the accuracy of those allegations. See Valentin, 254 F.3d at 363. Where a party challenges the accuracy of the pleaded jurisdictional facts, the court may conduct a broad inquiry, taking evidence and making findings of fact. See id. at 363. Thus, if the issue of the manufacturer's identity presented a jurisdictional question, it would have been appropriate for the district court to have accepted evidence (including affidavits) and to have made factual rulings based on the evidence before it. See id.

Ecolab, however, did not attack the sufficiency or accuracy of the jurisdictional facts. It did not dispute that the parties are diverse, that the amount in controversy was satisfied, or any other fact bearing on the court's power to hear the case. Instead, Ecolab sought dismissal on the ground that it did not manufacture or sell the Super Trump product to Hernández's employer. In other words, it sought a ruling that it was not liable because it did not commit the act which Hernández claimed

-5-

was tortious. This is a classic merits defense and does not implicate the court's subject matter jurisdiction. See 5B Wright & Miller, Federal Practice & Procedure, § 1350 at 106 (3d ed. 2004) (collecting cases in which the district court erroneously adjudicated a defense on the merits under Rule 12(b)(1)). Thus, the court erred in considering Ecolab's motion within the Rule 12(b)(1) framework. See, e.g., Montez v. Dept. of the Navy, 392 F.3d 147, 151 (5th Cir. 2004); see also Valentin, 254 F.3d at 364 ("It is pellucid that a trial court's approach to a Rule 12(b)(1) motion which asserts a factual challenge is quite different from its approach to a motion for summary judgment.").

Nevertheless, we could still affirm if dismissal of the complaint would be the obvious result of a remand. See Chiplin Enters., Inc. v. City of Lebanon, 712 F.2d 1524, 1529 (1st Cir. 1983); cf. Boateng v. InterAmerican Univ., Inc., 210 F.3d 56, 60 (1st Cir. 2000) (finding harmless error even though the district court did not inform the plaintiff that it was converting a motion to dismiss into a motion for summary judgment). Because the district court accepted an affidavit from Ecolab's general counsel stating that Ecolab did not manufacture or sell the Super Trump product to Hernández's employer, the court effectively converted Ecolab's motion to dismiss into one for summary judgment. See, e.g., Puerto Rican-American Ins. Co. v. Benjamin Shipping Co., 829 F.2d 281, 285 (1st Cir. 1987). We therefore consider whether, on

the present record, an award of summary judgment in favor of Ecolab would be appropriate.

For at least three reasons, we are unprepared to so hold. First, in the motion compel submitted before responding to the show cause order, in the response to the show cause order, and in the motion for sanctions filed contemporaneously therewith, Hernández informed the district court that it needed additional discovery to respond to Ecolab's evidentiary presentation. The district court granted Hernández's initial motion to compel discovery but never ruled on Hernández's subsequent motion for sanctions for noncompliance therewith. The situation is analogous to one in which the court awards summary judgment without considering a Fed. R. Civ. P. 56(f) motion filed by a party opposing the motion for summary judgment. See Paterson-Leitch v. Mass. Mun. Wholesale Elec. Co., 840 F.2d 985, 988 (1st Cir. 1988) (describing Rule 56(f) as an "escape hatch" for a party who genuinely requires additional discovery to oppose summary judgment).

While we do not know what Ecolab's discovery responses would have revealed, the documents that Hernández sought certainly appear relevant to the manufacturer identity question.[2] Moreover, Hernández has at least arguably satisfied most of the Rule 56(f)

---

[2]Hernández requested, inter alia, specific material pertaining to the Super Trump trademark; the entities that have manufactured Super Trump; and the marketing, manufacture, and distribution of Super Trump in Puerto Rico.

requirements because his counsel filed statements with the court specifically identifying the needed discovery and explaining its relevance to ascertaining the manufacturer's identity. See Velez v. Awning Windows, Inc., 375 F.3d 35, 40 (1st Cir. 2004) (stating that to benefit from Rule 56(f) a litigant ordinarily must furnish the court with an affidavit from counsel explaining the current inability to adduce sufficient facts to oppose summary judgment, providing a basis to believe that the facts can be assembled in a reasonable time, and indicating why the facts are material).[3] Thus, there is reason for concern that the court might have abused its discretion in failing to permit Hernández additional discovery before ruling on Ecolab's motion. Cf. Resolution Trust Corp. v. N. Bridge Assocs., 22 F.3d 1198, 1206 (1st Cir. 1994) (vacating summary judgment ruling because plaintiff was entitled to additional discovery under Rule 56(f)).

Second, Ecolab's affidavit from its general counsel does not appear to have complied with the requirements of Fed. R. Civ. P. 56(e). For an affidavit to constitute evidence in a summary judgment proceeding, it must be based on personal knowledge and show that the affiant is competent to testify to the matter stated

---

[3]Hernández's counsel did not comply with the affidavit requirement. Nevertheless, in appropriate circumstances, we excuse technical errors in complying with Rule 56(f) where, as here, the party seeking relief has satisfied the Rule's substantive aspects. See Vargas-Ruiz v. Golden Arch Dev. Inc., 368 F.3d 1, 3 (1st Cir. 2004).

in the affidavit.  See Fed. R. Civ. P. 56(e); Perez v. Volvo Car Corp., 247 F.3d 303, 315-16 (1st Cir. 2001).  Counsel swore only that "a review of relevant manufacturing and sales records" of Ecolab and Ecolab Manufacturing "reveal[ed]" that Ecolab Manufacturing sold the Super Trump product to Hernández's employer. He did not attest that he conducted or supervised the review of the documents or that he had personal knowledge of the results of the review.  We therefore doubt that there is, at present, a sufficient evidentiary basis for concluding that, in fact, Ecolab did not manufacture the product sold to Hernández's employer.

Finally, even were we to assume that Ecolab was not the manufacturer, we have some doubt as to whether Ecolab would be entitled to summary judgment.  The complaint is based on a failure-to-warn theory of products liability.  Hernández submits, without contrary argument from Ecolab, that a viable failure-to-warn claim may lie under Puerto Rico law against the author of the instructions and warnings of a product even if a different entity manufactured and sold the product.[4]  This proposition does not strike us as self-evidently incorrect.  And, as set forth above,

_____

[4]Ecolab contends that Hernández forfeited the right to make this argument because Hernández did not present it to the district court in his response to the show cause order.  A review of the record convinces us, however, that any lapse on Hernández's part was at least partially attributable to the irregular manner in which the manufacturer-identity issue arose.  We therefore reject the claim of forfeiture in this instance.  See United States v. Gallant, 306 F.3d 1181, 1187 (1st Cir. 2002).

there is evidence that Ecolab wrote the instructions and warnings for the Super Trump product.

**<u>Vacated</u> and <u>remanded</u>**.