**Not for Publication in West's Federal Reporter**
**Citation Limited Pursuant to 1st Cir. Loc. R. 32.3**

# United States Court of Appeals

## For the First Circuit

---

No. 04-2385

JOSUÉ A. COLÓN ORTIZ,

Plaintiff, Appellant,

v.

HECTOR R. ROSARIO, et al.,

Defendants, Appellees.

---

APPEAL FROM THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF PUERTO RICO

[Hon. Jaime Pieras, Jr., <u>Senior U.S. District Judge</u>]

---

Before

Torruella, Lynch, and Howard,

<u>Circuit Judges</u>.

---

Jorge Carazo-Quetglas, with whom <u>Carazo-Quetglas Law Offices</u> was on brief, for appellant.
<u>Eduardo Vera Ramírez</u>, with whom <u>Eileen Landrón Guardiola</u>, <u>Landrón & Vera, LLP</u>, <u>Roberto Sánchez Ramos</u>, Secretary of Justice, <u>Jo Ann Estades Boyer</u>, Director, Federal Litigation Division, Department of Justice, and <u>Lilliam E. Mendoza Toro</u>, were on brief, for appellees.

---

May 27, 2005

---

**Per Curiam**. Plaintiff-appellant Josué Colón-Ortiz challenges the district court's entry of summary judgment against him on his claims that the Puerto Rico Electrical Power Company (plaintiff's employer) and certain of its supervisors unlawfully discriminated against him because of his political beliefs when, approximately eight months after the November 2000 general election, they reclassified him from an E-5 to an E-4 career position (having concluded that his reclassification from a trust position to an E-5 position in the weeks following the election was itself unlawful). Judgment was rendered in favor of defendants after the statement of uncontested facts submitted in connection with their summary judgment motion was deemed admitted pursuant to the Puerto Rico district court's local rules, see D.P.R. R. 311.12, because plaintiff failed to oppose defendants' motion.

Plaintiff does not directly challenge the district court's conclusion that defendants' statement of uncontested facts, once admitted, warranted the entry of judgment for defendants. See Torres-Rosado v. Rotger-Sabat, 335 F.3d 1, 4 (1st Cir. 2003) (emphasizing that an unopposed motion for summary judgment should only be granted if the movant's statement of uncontested facts and other evidentiary facts of record show that the party is entitled to summary judgment). Rather, he presents two peripheral arguments. First, he contends that certain materials he submitted well more than a month past the date on which his opposition was

-2-

due -- materials submitted in connection with (1) a so-called "Urgent Motion" in which he (arguably) sought, inter alia, to reopen discovery and amend his complaint,[1] and (2) a motion to reconsider the summary judgment ruling -- were sufficient to forestall the entry of judgment against him. Second, he argues that the district court abused its discretion by failing to mention his urgent motion in its memorandum and order and thereby declining to act favorably on his requests to reopen discovery and to amend the complaint.

Plaintiff's arguments are not convincing. The materials that plaintiff sought to introduce in connection with his urgent motion -- materials which tended to establish that certain of plaintiff's witnesses were being harassed for supporting him -- had little to no bearing on whether the employment actions that are the subject of the complaint were themselves unlawful and/or motivated by unlawful political discrimination. Thus, even if we were to assume dubitante that the district court was obliged to consider these late-filed materials in connection with its summary judgment ruling, we would not upset the ruling. And, of course, the court acted well within its discretion in declining to consider the materials submitted in connection with the motion to reconsider the

---

[1]Actually, these requests were so buried within plaintiff's motion and so undeveloped that the district court would have acted well within its discretion in regarding them as forfeit. See United States v. Zannino, 895 F.2d 1, 17 (1st Cir. 1990).

summary judgment ruling -- especially since plaintiff failed to explain why these materials were not timely made part of the summary judgment record. Cf. U.S. Steel v. M. DeMatteo Constr. Co., 315 F.3d 43, 51 (1st Cir. 2002) (discussing the requirements for prevailing on a motion for relief from summary judgment under Fed. R. Civ. P. 60(b)(2) for newly discovered evidence).

So too with the district court's implicit denials of the requests to reopen discovery and/or to amend the complaint imbedded within the urgent motion. Leaving aside plaintiff's failure to account for why he did not timely oppose the summary judgment motion, the materials submitted in connection with plaintiff's urgent motion neither indicated that reopening discovery would lead to evidence that might tip the summary judgment balance nor gave indication that plaintiff himself would state a viable new claim were he permitted to amend his complaint. Cf. Hernandez-Santiago v. Ecolab, Inc., 397 F.3d 30, 34-35 (1st Cir. 1st Cir. 2005) (motions to extend discovery period under Fed. R. Civ. P. 56(f) must explain why the additional material sought is material); Steir v. Girl Scouts of the USA, 383 F.3d 7, 12 (1st Cir. 2004) (motions to amend after summary judgment motions are filed must be justified by "substantial and convincing evidence").

The urgent motion, on its face, did not refer to a new claim the plaintiff wished to add to his complaint and was most reasonably read as seeking a postponement of the trial and remedies

to protect witnesses.  The motion thus assumed that the plaintiff was entitled to a trial, but he was not, having failed to meet his burden in opposition to summary judgment.  It was not an abuse of discretion for the trial judge to fail to allow amendment when the motion itself did not seek to do so.

While a more explicit ruling on the urgent motion might have been preferable, plaintiff has not come close to establishing that its implicit denial, or the denial of his motion to reconsider, constituted an abuse of discretion.

**Affirmed**.