Yolanda Sierra QUIÑONES, et al., Plaintiff(s)

v.

DEPARTMENT OF HEALTH AND HUMAN SERVICES, et al., Defendant(s).

CIVIL NO. 95–1157 (JAG).

United States District Court, D. Puerto Rico.

May 4, 2004.

Ramon L. Garay–Medina, Garay Medina Law Office, San Juan, PR, for Plaintiffs.

Fidel A. Sevillano–Del–Rio, United States Attorney's Office, Torre Chardon, San Juan, PR, Seguros de Vida Triple S, Inc., SSS, Cesar T. Alcover–Acosta, Fiddler Gonzalez & Rodriguez, P.S.C., Hato Rey, PR, Lawrence Odell–Peck, Martinez Odell & Calabria, Ramon E. Melendez–Castro, Martinez Odell & Calabria, San Juan, PR, for Defendants.

## OPINION AND ORDER

GARCIA–GREGORY, District Judge.[1]

Pending before the Court are defendants' Department of Health and Human Services ("Medicare") and Banco Popular de Puerto Rico's ("Banco Popular") motions to dismiss (Docket Nos. 11 & 16), and plaintiffs' opposition (Docket No. 25). For the reasons discussed below, the Court **GRANTS** defendants' motions to dismiss.

## FACTUAL AND PROCEDURAL BACKGROUND

Plaintiffs in this case are Dr. Yolanda Sierra–Quiñones ("Dr.Sierra–Quiñones"), her husband, and her children. Dr. Sierra–Quiñones is a doctor of medicine who provides services for Medicare beneficiaries under a contract with Medicare through its intermediary Triple SSS.[2]

According to the complaint, by the end of 1991 Dr. Sierra–Quiñones was not able to balance the proceeds she received with the forms she submitted under the Medicare services contract. Following a criminal investigation, it was determined that Dr. Sierra–Quiñones' signature had been forged on some checks, which had been deposited into the bank accounts of defendant Diana Sierra–Burgos ("Sierra–Burgos"), Dr. Sierra–Quiñones' former secretary, and one of her friends. On August 3, 1994, Sierra–Burgos entered into an agreement where she would provide restitution to Dr. Sierra in the amount of twenty-five thousand dollars ($25,000.00), which covered the stolen checks issued by several medical plans. The checks issued by Medicare, however, were not included in the agreement.

Dr. Sierra–Quiñones claims that Medicare acted negligently by not conducting a regular revision to determine the legality or correctness of the endorsements, by not promoting the corresponding federal criminal investigation, and because of its lack of cooperation with the local authorities. Furthermore, she argues that Medicare's denial of repayment, according to the ex-

---

1. This case was originally assigned to Senior District Judge Gilberto Gierbolini. The case was transferred to the undersigned on April 14, 2004, upon Judge Gierbolini's retirement (Docket No. 29).

2. Triple SSS was dismissed from the case on January 29, 1996 (Docket No. 21).

isting agreement, is a constitutional violation inasmuch as it deprived her of her property without due process.

As to defendant Banco Popular, plaintiffs claim that it acted negligently by not taking appropriate measures, as a holder in due course should do, to prevent Sierra–Burgos' illegal conduct, which deprived her of approximately fifty thousand dollars ($50,000.00). Accordingly, Dr. Sierra–Quiñones seeks reimbursement of fifty thousand dollars for the money illegally taken by Sierra–Burgos, as well as five-hundred thousand dollars ($500,000.00) for her pain and suffering. Her husband and two children seek damages in the amount of one-hundred thousand dollars ($100,000.00) each.

Banco Popular filed a cross-claim against Sierra–Burgos (Docket No. 12). Because she has failed to answer both plaintiffs' complaint and Banco Popular's cross-claim, her default was entered on January 17, 1996 (Docket No. 16).

## DISCUSSION

On June 1, 1995, Medicare filed a motion to dismiss, alleging that the Court lacks subject-matter jurisdiction (Docket No. 11). Namely, it argues that, although this case arises under the Medicare Act, there is no final determination from the Secretary of Health and Medicare's rules and regulations do not provide for an administrative appeal of claims for replacement of stolen checks. Furthermore, Medicare argues that, even if plaintiffs had asserted jurisdiction under the Federal Tort Claims Act, which they have not, the Court would still lack jurisdiction because plaintiffs failed to comply with statutory requirements before the filing in district court. Banco Popular joined the motion (Docket No. 16). Plaintiffs opposed, arguing that because their claim is for a violation of their constitutional right not to be deprived of property without due process, they were not required to exhaust any administrative remedies.

Medicare attached to its motion a declaration under penalty of perjury from Alberta Leone, Associate Regional Administrator for the Department of Health and Human Services. In their motion in opposition, the plaintiffs filed a sworn statement from Dr. Sierra–Quiñones, and in a previous motion had attached a letter from Medicare regarding the status of her administrative claim (Docket No. 15 & 25). It is well established that when matters outside the pleadings are presented with a motion to dismiss, the Court may either exclude those matters or treat the motion as one for summary judgment pursuant to Fed.R.Civ.P. 56. *See Garita Hotel Ltd. v. Ponce Federal Bank,* 958 F.2d 15, 18–19 (1st Cir.1992). After a thorough examination of the documents submitted by the parties, the Court finds that they should be considered when ruling upon defendants' motions. Therefore, the Court expressly converts the motions to dismiss into motions for summary judgment. *Id.*

### A. *Summary Judgment Standard*

The Court's discretion to grant summary judgment is governed by Rule 56 of the Federal Rules of Civil Procedure. Rule 56 states, in pertinent part, that the court may grant summary judgment only if "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(c); *See also Santiago–Ramos v. Centennial P.R. Wireless Corp.,* 217 F.3d 46, 52. (1st Cir.2000).

Summary judgment is appropriate if "there is no genuine issue as to any material fact and ... the moving party is enti-

tled to a judgment as a matter of law." *See* Fed.R.Civ.P. 56(c). The party moving for summary judgment bears the burden of showing the absence of a genuine issue of material fact. *See Celotex Corp. v. Catrett,* 477 U.S. 317, 323, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986).

Once a properly supported motion has been presented before the court, the opposing party has the burden of demonstrating that a trial-worthy issue exists that would warrant the court's denial of the motion for summary judgment. For issues where the opposing party bears the ultimate burden of proof, that party cannot merely rely on the absence of competent evidence, but must affirmatively point to specific facts that demonstrate the existence of an authentic dispute. *See Suarez v. Pueblo Int'l, Inc.,* 229 F.3d 49 (1st Cir. 2000).

In order for a factual controversy to prevent summary judgment, the contested facts must be "material" and the dispute must be "genuine". "Material" means that a contested fact has the potential to change the outcome of the suit under governing law. The issue is "genuine" when a reasonable jury could return a verdict for the nonmoving party based on the evidence. *See Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). It is well settled that "[t]he mere existence of a scintilla of evidence" is insufficient to defeat a properly supported motion for summary judgment." *Id.* at 252, 106 S.Ct. 2505. It is therefore necessary that "a party opposing summary judgment must present definite, competent evidence to rebut the motion." *Maldonado–Denis v. Castillo–Rodriguez,* 23 F.3d 576, 581 (1st Cir.1994).

In making this assessment, the court "must view the entire record in the light most hospitable to the party opposing summary judgment, indulging in all rea-sonable inferences in that party's favor." *Griggs–Ryan v. Smith,* 904 F.2d 112, 115 (1st Cir.1990). The court may safely ignore "conclusory allegations, improbable inferences, and unsupported speculation." *Medina–Muñoz v. R.J. Reynolds Tobacco Co.,* 896 F.2d 5, 8 (1st Cir.1990).

### B. Subject Matter Jurisdiction

Because federal courts are courts of limited jurisdiction, they can act only where the constitution endows them with some affirmative ground to do so. *See Kokkonen v. Guardian Life Insurance Co. of America,* 511 U.S. 375, 377, 114 S.Ct. 1673, 128 L.Ed.2d 391 (1994); *U.S.I. Properties Corp. v. M.D. Const. Co.,* 230 F.3d 489, 499 (1st Cir.2000). Hence, federal jurisdiction is never presumed. *See Viqueira v. First Bank,* 140 F.3d 12, 16 (1st Cir.1998); *Cusumano v. Microsoft Corp.,* 162 F.3d 708, 712 (1st Cir.1998). Instead, the plaintiffs must carry the burden of demonstrating the existence of federal jurisdiction. *See Aversa v. United States,* 99 F.3d 1200, 1209 (1st Cir.1996); *Murphy v. United States,* 45 F.3d 520, 522 (1st Cir.1995).

It is hornbook law that 28 U.S.C. § 1331, by itself, does not create jurisdiction. On the contrary, it only confers subject matter jurisdiction on a district court when a question arises under federal law. *See Ellis v. Cassidy,* 625 F.2d 227, 229 (9th Cir.1980); 1 *Federal Procedure, Access to District Court,* § 1:380, p. 293. *See generally Mesa v. California,* 489 U.S. 121, 109 S.Ct. 959, 103 L.Ed.2d 99 (1989).

### C. Sovereign Immunity

 The United States, as sovereign, "is immune from suit save as it consents to be sued." *United States v. Sherwood,* 312 U.S. 584, 586, 61 S.Ct. 767, 85 L.Ed. 1058 (1941). Absent a waiver, sovereign immunity shields the Federal Government and its agencies from suit. *Loeffler v. Frank,*

486 U.S. 549, 554, 108 S.Ct. 1965, 100 L.Ed.2d 549 (1988); *Federal Housing Administration v. Burr*, 309 U.S. 242, 244, 60 S.Ct. 488, 84 L.Ed. 724 (1940). Sovereign immunity is jurisdictional in nature because the terms of its consent to be sued in any court define that court's jurisdiction to entertain the suit. *F.D.I.C. v. Meyer*, 510 U.S. 471, 475, 114 S.Ct. 996, 127 L.Ed.2d 308 (1994); *United States v. Mitchell*, 463 U.S. 206, 212, 103 S.Ct. 2961, 77 L.Ed.2d 580 (1983)(holding that "[i]t is axiomatic that the United States may not be sued without its consent and that the existence of consent is a prerequisite for jurisdiction").

■ A waiver of sovereign immunity must be unequivocally expressed. *See United States v. Mitchell*, 445 U.S. 535, 538–9, 100 S.Ct. 1349, 63 L.Ed.2d 607 (1980). "Waivers of immunity must be 'construed strictly in favor of the sovereign,' and not 'enlarged ... beyond what the language requires.'" *U.S. Dep't of Energy v. Ohio*, 503 U.S. 607, 615, 112 S.Ct. 1627, 118 L.Ed.2d 255 (1992) (citations omitted). *See also McMahon v. United States*, 342 U.S. 25, 27, 72 S.Ct. 17, 96 L.Ed. 26 (1951); *Eastern Transp. Co. v. United States*, 272 U.S. 675, 686, 47 S.Ct. 289, 71 L.Ed. 472 (1927). Likewise, the U.S. Supreme Court has long decided that limitations and conditions upon which the Government consents to be sued must be strictly observed and exceptions thereto are not to be implied. *Lehman v. Nakshian*, 453 U.S. 156, 160–161, 101 S.Ct. 2698, 69 L.Ed.2d 548 (1981).

#### D. *Federal Tort Claims Act*

Plaintiffs' action is predicated on Medicare's alleged noncompliance with its duties under its regulations to process claims for recovery of the amount of a check paid on a forged endorsement. They assert that Medicare's negligent omission to comply with said rules and regulations caused them multiple damages.

■ It is well established that the exclusive remedy of a claimant seeking recovery of damages based on the tortious conduct of a federal agency is the Federal Tort Claims Act ("FTCA"), 28 U.S.C. §§ 1346(b), 2671–2680, through which the United States waived its sovereign immunity as to suits of this nature. *See Magee v. U.S.*, 121 F.3d 1, 3 (1st Cir.1997); *Santiago–Ramirez v. Secretary of Department of Defense*, 984 F.2d 16, 18 (1st Cir.1993). However, section 2679(a) withdraws from federal agencies the authority to be sued directly given that, under the statute, a complaint may only be brought against the United States. Consequently, district courts lack subject matter jurisdiction over federal agencies, such as Medicare, in suits brought under the FTCA. *Armor Elevator Co. Inc. v. Phoenix Urban Corp.*, 655 F.2d 19, 22 (1st Cir.1981); *Myers & Myers, Inc. v. United States Postal Service*, 527 F.2d 1252, 1256 (2nd Cir.1975).

■ Even assuming that the complaint could be amended to substitute Medicare for the United States as proper party defendant, the Court would still lack jurisdiction. In order to balance the goal of efficiently encouraging settlement between a FTCA claimant and the federal agency which allegedly incurred in tortious conduct, Congress created an administrative procedure which the claimant must follow and exhaust before filing a complaint in district court. *See* 28 U.S.C. § 2675. In essence, the administrative procedure established in § 2675(a) requires that the potential plaintiff give notice to the appropriate federal agency of the nature of the claims and the damages requested. *See Santiago–Ramirez*, 984 F.2d at 18. Exhaustion of administrative remedies is a non-waivable jurisdictional prerequisite to the prosecution of a FTCA claim.

There is no indication in the complaint nor in the entire record that the plaintiffs complied with the FTCA's requirements. Therefore, this Court lacks the authority to exercise jurisdiction over this case. *See United States v. Kubrick*, 444 U.S. 111, 113, 100 S.Ct. 352, 62 L.Ed.2d 259 (1979); *Cotto v. U.S.*, 993 F.2d 274, 280 (1st Cir. 1993); *Santiago–Ramirez*, 984 F.2d at 18; *Attallah v. United States*, 955 F.2d 776, 779 (1st Cir.1992); *Swift v. U.S.*, 614 F.2d 812, 814–5 (1st Cir.1980).

### E. *The Administrative Procedure Act*

■ The Administrative Procedure Act ("APA") "does not afford an implied grant of subject-matter jurisdiction permitting federal judicial review of agency action." *Califano v. Sanders*, 430 U.S. 99, 107, 97 S.Ct. 980, 51 L.Ed.2d 192 (1977). Moreover, § 702 of the APA clearly states that the statute does not apply where the relief sought is money damages. *See Amendariz–Mata v. U.S. Dep't of Justice*, 82 F.3d 679, 682 (5th Cir.1996); *Infante v. Drug Enforcement Administration*, 938 F.Supp. 1149, 1154 (E.D.N.Y.1996).

### F. *Medicare Act*

■ Plaintiffs are not claiming that they were wrongly paid for services rendered under the Medicare Act. Their claim is not one challenging an underpayment or over-payment determination of Medicare, or a denial for reimbursement of any type of "benefit" under the Act. On the contrary, their action simply seeks re-issuance or repayment of a service already paid for through a check that was illegally cashed. The Medicare Act does not contain any disposition regulating such a situation, nor does it provide requirements regarding the replacement of Medicare payments. It has been by means of rules and regulations promulgated by the Secretary of Health that certain procedures were adopted to provide an additional mechanism for beneficiaries to obtain payment.

It is undisputed that Medicare properly made payment to Dr. Sierra–Quiñones. The problem was that her secretary forged the endorsements and deposited them into a personal account. Thus, it was her secretary, and not Medicare, who deprived Dr. Sierra–Quiñones of her property. Accordingly, the Court need not reach the question of whether this case arises under the Medicare Act, hence, under federal law. *See* 42 U.S.C. § 405(g)

### G. *Supplemental Jurisdiction*

Supplemental state law claims against Banco Popular and Sierra–Burgos are dismissed without prejudice pursuant to 28 U.S.C. § 1367(c)(3), since no federal claims to ground jurisdiction remain in this case.

### CONCLUSION

For the foregoing reasons, the Court **GRANTS** defendants' motions to dismiss (Docket Nos. 11 & 16). Plaintiffs' claims against Medicare are dismissed **with prejudice**. Claims against Banco Popular and Sierra–Burgos are dismissed **without prejudice**. Judgment shall enter accordingly.

IT IS SO ORDERED.