**Miquel Quiles DIAZ, et al., Plaintiffs,**

v.

**UNITED STATES of America, et al., Defendants.**

**No. CIV. 04–1099(JAF).**

United States District Court, D. Puerto Rico.

June 9, 2005.

---

Orlando Duran–Medero, Orlando Duran Medero Law Office, San Juan, PR, for Plaintiffs.

Agnes I. Cordero, United States Attorney's Office, Eduardo Castillo–Blanco, Ivan M. Fernandez Law Office, Jose J. Santos–Mimoso, San Juan, PR, for Defendants.

## OPINION AND ORDER

FUSTE, Chief Judge.

Plaintiffs, Miguel Quiles–Díaz, Enid Matos Cuevas, their conjugal partnership, and their child, Yesenia Quiles Matos, bring the present complaint against Defendants, United States of America, General Services Administration, Deya Elevator Service, Inc., Helevator Control Tower, Inc., and other unknown parties.[1] *Docket Doc-*

1. Claims were also brought against Cruz Moya Elevators, Inc., but were later dis-

ument Nos. 1, 20. Plaintiffs allege that Defendants are liable under the Federal Torts Claim Act ("FTCA"), 28 U.S.C. §§ 2671–2680 (2002 & Supp.2004) and 28 U.S.C. § 1346(b) (2002 & Supp.2004) and state law for injuries sustained by Mr. Quiles–Díaz ("Plaintiff") while riding an elevator at the Federico Degetau Federal Building ("Federal Building") in Hato Rey, Puerto Rico. *Docket Document No. 20.*

Defendants United States of America ("United States" or "the Government") and General Services Administration ("GSA"), a government agency, move to dismiss under the principle of sovereign immunity, arguing that the FTCA does not provide for government liability for an independent contractor's negligence.[2] *Docket Document No. 46.*

## I.

### *Factual and Procedural Synopsis*

Unless otherwise indicated, we derive the following factual summary from Plaintiff's amended complaint. *Docket Document No. 28.* As we must, we "assume all plaintiff['s] allegations are true and make all reasonable inferences in favor of the plaintiff." *Alternative Energy, Inc. v. St. Paul Fire and Marine Ins., Co.,* 267 F.3d 30, 36 (1st Cir.2001).

Defendants United States and GSA are the owners and/or operators of the Federal Building located at 150 Carlos Chardón Avenue, in Hato Rey, Puerto Rico. At all times relevant to this dispute, Defendants Deya and Helevator were private companies charged with inspecting and servicing the Federal Building elevators.

At midday on February 18, 2003, Plaintiff entered an elevator on the Federal Building's first floor.[3] As he entered the elevator, which he claims had been malfunctioning during the previous several days, the elevator doors closed on him. As Plaintiff struggled to free himself, the elevator began moving upwards, lifting him into the air. Plaintiff then pried himself from the moving elevator and crashed down to the floor.

As a result of the elevator incident, Plaintiff suffered physical injuries, including dorsal lumbar sacral (lower back) and cervical (neck) sprains, and central disc herniations. Plaintiff also claims to suffer emotional and mental anguish from the continuing physical complications arising from his injury. Plaintiff received treatment.

On August 5, 2003, Plaintiffs filed an administrative claim with GSA. GSA did not render a disposition, and on February 9, 2004, Plaintiffs filed the present complaint. *Docket Document No. 1.* Plaintiffs amended the complaint on July 21, 2004. *Docket Document No. 20.*

missed at Plaintiffs' request. *Docket Document No. 58.*

2. Defendants Deya Elevator Services ("Deya") and Helevator Control Tower ("Helevator") also move to dismiss, arguing that Plaintiffs' claim is premature under 32 L.P.R.A § 32, which requires that a claim must be filed at least ninety days after a final discharge from the State Insurance Fund. *Docket Document No. 40.* Final disposition on this motion will be made pending response to our June 2, 2005 order. *Docket Document No. 68.*

3. The record is unclear as to whether Plaintiff was visiting the Federal Building in the course of his employment with a third party or, in the alternative, whether he was at the building in an unofficial capacity. We presume the former because of Plaintiff's recourse to the Puerto Rico State Insurance Fund, which provides relief for work-related accidents under the Compensation for Work–Related Accidents Act, 11 L.P.R.A. § 1 et seq. (2003).

Plaintiff received medical treatment through the State Insurance Fund, which issued a final discharge on June 28, 2004.[4] *Docket Document No. 40.* Plaintiff appealed the discharge to the Industrial Commission, and a hearing was scheduled for November 29, 2004. *Id.*

On December 22, 2004, Defendants United States and GSA filed a motion to dismiss. *Docket Document No. 46.* On January 18, 2005, Plaintiffs filed an opposition. *Docket Document No. 54.* On February 1, 2005, Defendants United States and GSA responded to Plaintiffs' opposition. *Docket Document No. 60.*

## II.

### Motion to Dismiss Standard Under Rule 12(b)(1)

Under Rule 12(b)(1), a defendant may move to dismiss an action against him for lack of federal subject matter jurisdiction. *See* FED. R. CIV. P. 12(b)(1). The party asserting jurisdiction has the burden of demonstrating its existence. *See Skwira v. United States,* 344 F.3d 64, 71 (1st Cir. 2003) (citing *Murphy v. United States,* 45 F.3d 520, 522 (1st Cir.1995)).

Rule 12(b)(1) is a "large umbrella, overspreading a variety of different types of challenges to subject-matter jurisdiction," including ripeness, mootness, the existence of a federal question, diversity, and sovereign immunity. *Valentin v. Hosp. Bella Vista,* 254 F.3d 358, 362–63 (1st Cir.2001). A moving party may mount a sufficiency challenge, taking the plaintiff's "jurisdictionally-significant facts as true" and requiring the court to "assess whether the plaintiff has propounded an adequate basis for subject-matter jurisdiction." *Valentin,* 254 F.3d at 363. Alternatively, when the jurisdictional facts are distinct from the case's merits, a moving party can bring a factual challenge, in which case the court addresses "the merits of the jurisdictional claim by resolving the factual disputes between the parties." *Id.*

## III.

### Analysis

 Because the United States is immune from suit except as it consents to be sued, the exclusive remedy of claimants such as Plaintiffs seeking recovery of damages based on the tortuous conduct of a federal agency is the Federal Tort Claims Act. 28 U.S.C. §§ 1346(b); *Quinones v. Dep't of Health and Human Services,* 322 F.Supp.2d 147, 151 (D.P.R.2004); *Thames Shipyard & Repair Co. v. United States,* 350 F.3d 247, 253 (1st Cir.2003)., (2671–2680). The FTCA waives government sovereign immunity for claims based on personal injury alleged to be "caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment . . . ." 28 U.S.C. § 1346. This court lacks subject matter jurisdiction over claims brought against the United States "absent a waiver that must be 'unequivocally expressed' " in the FTCA's statutory text. *Marina Bay Realty Trust LLC v. United States,* 407 F.3d 418, 2005 WL 1022094 at *3 (1st Cir.2005) (quoting *Lane v. Pena,* 518 U.S. 187, 192, 116 S.Ct. 2092, 135 L.Ed.2d 486 (1996)).

Defendants United States and GSA claim sovereign immunity, arguing that

---

4. Under the Workmen's Accident Compensation Act of 1935 ("the Act"), 11 L.P.R.A. §§ 1–42, the employee applies to the State Insurance Fund for medical treatment and/or disability benefits. 11 L.P.R.A. § 3. If the employee is not satisfied with the decision of the case rendered by the Manager of the Fund, he may appeal before the Industrial Commission. 11 L.P.R.A. § 11.

Plaintiffs' claims are not cognizable under the FTCA. *Docket Document No. 47.*

## A. Defendant GSA's Sovereign Immunity

Defendant GSA avers that it is immune from suit because it is a government agency. *Id.*

 Section 2679(a) of the FTCA precludes tort suits against federal agencies or their employees.[5] "[I]f a suit is 'cognizable' under § 1346(b) of the FTCA, the FTCA remedy is 'exclusive' and the federal agency cannot be sued 'in its own name.'" *F.D.I.C. v. Meyer,* 510 U.S. 471, 476, 114 S.Ct. 996, 127 L.Ed.2d 308 (1994); *see also Aviles–Diaz,* 194 F.Supp.2d at 86 ("Under the FTCA, only the United States may be sued *eo nomine.*"); *Quinones,* 322 F.Supp.2d at 151 ("[D]istrict courts lack subject matter jurisdiction over federal agencies ... in suits brought under the FTCA."). Defendant GSA, which is clearly a federal agency, *see United States v. Barker Steel Co.,* 985 F.2d 1123, 1126 (1st Cir.1993), is immune from suit under the FTCA. All claims brought against Defendant GSA are dismissed.

## B. Defendant United States' Sovereign Immunity

Defendant United States avers that it is immune from any of Plaintiffs' claims based upon improper elevator maintenance or repair, because Helevator was charged with these responsibilities as an independent contractor. *Docket Document No. 47.* Additionally, the Government argues that Plaintiffs' FTCA claims are barred by the discretionary duty exception, which exempts the Government from liability for

claims based on negligent hiring and/or supervision. *Id.* We find that the independent contractor exception applies to those claims involving the contractors' acts and/or omissions. However, Plaintiffs' claims also directly implicate the acts and/or omissions of Government employees, for which the Government is not immune from suit.

### 1. Independent Contractor Exception

The Government argues that the FTCA waives sovereign immunity for negligent acts or omissions of federal employees only, and does not attach to any claims based upon the acts or omissions of an independent contractor's employees. *Docket Document No. 47.*

Section 2671 defines, in relevant part, "employee of the government" as including: "(1) officers or employees of any federal agency ... and persons acting on behalf of a federal agency in an official capacity, temporarily or permanently in the service of the United States." "Federal Agency" is defined as including "corporations primarily acting as instrumentalities or agencies of the United States, but ... not ... any contractor with the United States." 28 U.S.C. § 2671.

Sections 1346 and 2671 have been construed to limit the FTCA such that "the government cannot be held vicariously liable for the negligence of an independent contractor." *Wood v. United States,* 290 F.3d 29, 36 n. 4 (1st Cir.2002). The independent contractor exception does not apply, however, "if the government is found to have had the authority 'to control the detailed physical performance of the con-

---

**5.** Section 2679(a) provides in relevant part:

The authority of any federal agency to sue and be sued in its own name shall not be construed to authorize suits against such federal agency on claims which are cogni-

zable under section 1346(b) of this title, and the remedies provided by this title in such cases shall be exclusive. 28 U.S.C. § 2679(a).

tractor' and to have supervised its 'day-to-day operations.'" *Heinrich v. Sweet,* 83 F.Supp.2d 214, 221 (D.Mass.2000) (quoting *United States v. Orleans,* 425 U.S. 807, 814–15, 96 S.Ct. 1971, 48 L.Ed.2d 390 (1976)); *see also Logue v. United States,* 412 U.S. 521, 523, 93 S.Ct. 2215, 37 L.Ed.2d 121 (1973).

Plaintiffs argue that in the present case, the Government exercised the sort of day-to-day supervision and control that renders it vulnerable to suit under the FTCA. *Docket Document No. 54.* Plaintiffs aver that "regardless of whether or not it is exercised, the important fact is the existence of the right or authority to interfere or control." *Id.* For support, Plaintiffs turn to the Government's contract with Helevator, which provided that the Government may "make changes in the work within the general scope of the contract, including changes ... in the method or manner of performance work," and also permitted the Government to terminate contract performance at any time. *Docket Document No. 54.*

We have consistently held that "a government's right to inspect the work of a contractor and to stop work that does not conform to the terms of the contract does not constitute control over the contractor's employees." *Brooks v. A.R. & S. Enters., Inc.,* 622 F.2d 8, 12 (1st Cir.1980). Instead, we consider the "totality of the circumstances," *Nieves v. Univ. of P.R.,* 7 F.3d 270, 279 (1st Cir.1993), looking to the Government's ability to "control the [contractor's] detailed physical conduct," *Orleans,* 425 U.S. at 814, 96 S.Ct. 1971, the Government's "day-to-day" supervision, *id.,* and whether the Government "directs the manner in which the contractor carries out its" contract obligations. *Brooks,* 622 F.2d at 11; *see also Larsen v. Empresas El Yunque, Inc.,* 812 F.2d 14, 15 (1st Cir. 1986).

The Government's contract with Helevator lacks the supervisory, controlling dynamic required for immunity waiver under *Orleans* and its progeny. The contract charges Helevator with a great deal of responsibility, requiring it to "take all steps and measures which would be taken by a prudent building owner to maximize the life expectancy of the elevators .... The contractor shall be fully responsible and accountable for the operation of all equipment." *Docket Document No. 61, Exh. B.* In contrast, the responsibilities bestowed upon the GSA Contracting Officer ("CO"), who has the "overall responsibility for the administration of the contract," and the Contracting Officer Representative ("COR"), who "assists the Contracting Officer in the administration of the contract," are extremely limited. *Id.* They are charged with, inter alia: Amending or terminating the contract, determining the adequacy of contract performance by the contractor, and ensuring compliance. *Id.* Even the CO's Technical Representative ("COTR") is only assigned to "ensure compliance ... that all defects or omissions in performance are corrected in a timely fashion ... [and confer] with representatives of the contractor regarding any problems encountered in the performance of the work." *Id.* None of these or any other of the CO, COR, or COTR's responsibilities suggest the level of supervision and physical control that would support a waiver of sovereign immunity. It is the contractor, rather than the Government, who "is responsible for the day-to-day inspection and monitoring of all work performed to ensure" contract compliance. *Id.* Most critically, the contract stipulates that "neither GSA employees nor other Government employees are authorized to exercise direct or indirect supervision over the contractor's employees." *Id.*

Based on the evidence before us, we conclude that the United States does not direct "the manner in which the contractor carries out its obligations under the contract." *Larsen,* 812 F.2d at 15. Accordingly, we adopt the general rule that "the government is not liable for torts of independent contractors." *Brooks,* 622 F.2d at 12.

### 2. *Discretionary Duty Exception*

Our subject matter jurisdiction inquiry does not end with our determination that the Government is immune from suit on claims arising from the independent contractors' negligence. In reply to Defendants' motion to dismiss, Plaintiffs specify a claim for relief already implicit in their complaint: Government employees negligently failed to promptly notify Helevator of an elevator malfunction that eventually, left unaddressed, caused Plaintiff's injury. *Docket Document No. 54.* This claim points toward a responsibility clearly within the Government's domain. In drawing this conclusion, we look to GSA property manager Jorge Ramírez' concession that the Government's limited involvement with elevator maintenance includes "assuring contract compliance such as the reporting of elevator malfunctions." *Docket Document No. 59, Exh. 1.* Insofar as Plaintiffs allege a failure to report, this appears to be a function for which government employees were responsible and for this particular claim, the independent contractor exception does not apply.

Defendant United States asserts that it is immune from suit for having hired the contractors and supervised their contract performance under the FTCA's discretionary duty exception. *Docket Document No. 47.*

The FTCA provides an exception to the sovereign immunity waiver for claims "based upon the exercise or performance or failure to exercise or perform a discretionary duty ... whether or not that discretion is abused." 28 U.S.C. § 2680(a). The Government avers that Plaintiffs' claim for negligent hiring and/or supervision is barred under this exception, which "exists to protect the 'discretion of the executive or administrator to act according to one's judgment of the best course.'" *Wood,* 290 F.3d at 36 (quoting *Dalehite v. United States,* 346 U.S. 15, 34, 73 S.Ct. 956, 97 L.Ed. 1427 (1953)).

In considering whether the discretionary duty exception applies, we must: (1) identify the allegedly harmful conduct, (2) determine whether the conduct is discretionary, and (3) decide whether exercise of that discretion is susceptible to policy-related judgments. *Id.* (citing *United States v. Gaubert,* 499 U.S. 315, 322, 111 S.Ct. 1267, 113 L.Ed.2d 335 (1991)).

With regard to Plaintiffs' claims against Defendants for selecting Helevator as an independent contractor, such a choice is "exactly the type of decision that Congress intended to protect from judicial second-guessing," particularly as "the law presumes that the exercise of official discretion implicates policy judgments." *Id.* at 36, 37; *see also Hostetler v. United States,* 97 F.Supp.2d 691, 695 (E.D.Va.2000) ("The United States' decision to delegate the responsibility for maintenance and repair of the elevators [to independent contractor] falls within the scope of the discretionary function exception of the FTCA"); *United States v. Varig Airlines,* 467 U.S. 797, 819–20, 104 S.Ct. 2755, 81 L.Ed.2d 660 (1984) ("When an agency determines the extent to which it will supervise the safety procedures of private individuals, it is exercising discretionary regulatory authority of the most basic kind."). We, therefore, limit our inquiry to whether the discretionary duty exception applies to Plaintiffs' only remaining claim against the United States:

that the Government failed to report the elevator malfunction.

 In determining whether the conduct in question reporting an elevator malfunction to the contractor who is responsible for fixing it is protected by the discretionary function exception, we note that the exception is intended to insulate "the Government from liability if the action challenged in the case involves the permissible exercise of policy judgment." *Berkovitz by Berkovitz v. United States,* 486 U.S. 531, 537, 108 S.Ct. 1954, 100 L.Ed.2d 531 (1988). We do not see how reporting an elevator malfunction to the contractors charged with elevator maintenance is in any sense a policy judgment.

On the one hand, the decision to report a malfunction certainly is a "choice," and is, strictly speaking, discretionary. *Id.* at 536, 108 S.Ct. 1954. However, this choice is not "of the kind that the discretionary function exception was designed to shield." *Id.* We detect here no decision "based on considerations of public policy," *id.,* no "policy judgment" that requires us to refrain from "second-guessing" a government employees' actions or omissions. *Wood,* 290 F.3d at 38.

Insofar as Plaintiffs allege that a government employee negligently failed to report an elevator malfunction to the independent contractor responsible for elevator maintenance, this court asserts subject matter jurisdiction and finds that the FTCA waives sovereign immunity. However, the independent contractor and discretionary duty exceptions to the FTCA sovereign immunity waiver protect the Government from all other claims in Plaintiffs' complaint.

## IV.

### *Conclusion*

In accordance with the foregoing, we **GRANT** Defendant GSA's motion to dismiss. We **GRANT** in part and **DENY** in part Defendant United States' motion to dismiss, limiting Plaintiffs' claims against the Government to those based on a failure to promptly report an elevator malfunction to the independent contractors responsible for elevator maintenance. Since the surviving issue is narrow, with few conceivable factual variances, the court urges the parties to present the issue for summary disposition pursuant to Federal Rule of Civil Procedure 56 and *Celotex Corp. v. Catrett,* 477 U.S. 317, 323, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986).

**IT IS SO ORDERED.**