Courtney R. CARROLL,
et al., Plaintiffs

v.

UNITED STATES of America,
et al., Defendants.

Civil No. 08–1670.

United States District Court,
D. Puerto Rico.

Dec. 7, 2009.

David C. Indiano–Vicic, Seth Erbe, Indiano & Williams, PSC, San Juan, PR, for Plaintiffs.

Ginette L. Milanes, United States Attorneys Office, District of Puerto Rico, Eduardo Castillo–Blanco, Ivan M. Fernandez Law Office, San Juan, PR, for Defendants.

**OPINION and ORDER**

SALVADOR E. CASELLAS, Senior District Judge.

Pending before this Court is Co–Defendant the United States of America's

("United States") motion to dismiss (Docket # 38). Plaintiffs proffered a reply in opposition (Docket # 41), which was followed by a series of cross-motions by each of the parties (Dockets # # 45, 47, 50, 60, and 67). After reviewing the filings, and the applicable law, Defendants' motion to dismiss is **GRANTED.**

**Factual & Procedural Background**

Plaintiffs, Courtney R. Carroll ("Carroll") and Ricardo Acosta Rodriguez ("Acosta"), in their personal capacity, and on behalf of the minors Veronica Claire Acosta Carroll ("Veronica") and Catherine Awilda Acosta Carroll ("Catherine") (collectively "Plaintiffs"), seek compensation for damages, and other relief, for personal injuries allegedly sustained on October 17, 2006, when Veronica was allegedly struck in the temple by a projectile thrown from a lawnmower operated by an employee of Co-defendant, Genett Group, Inc. ("Genett"), a maintenance contractor for the General Services Administration ("GSA"). This allegedly occurred as Veronica was riding a tricycle in the parking lot of her day care center. *See* Dockets # 26 at 4–6; Docket # 74 at 27. At the time of the incident, Veronica was under the care of Codefendants *Corporación para la Asesoría y Desarrollo de Proyectos Educativos,* doing business as Rainforest Kids Child Development Center (hereinafter "Rainforest Kids"), which is located adjacent to the Federico Degetau Federal Building, on land owned by the United States of America ("United States") in San Juan, Puerto Rico. *Id.*

The action against the United States and GSA is pursuant to the Federal Tort Claims Act ("FTCA"), 28 U.S.C. §§ 1346 & 2671, et seq., whereas the claims against the local Defendants, Rainforest Kids, Aida Herrans Berreras, and their insurer Universal Insurance Co. ("Universal"), Genett, and its insurer, ACE Insurance Company ("ACE"), are grounded upon Article 1802 and Article 1803 of the Puerto Rico Civil Code. P.R. Laws Ann. tit. 31, §§ 5141 & 5142. Plaintiffs claim that the United States is liable due to its negligence in coordinating the activities of Rainforest Kids, which operates a childcare center on GSA property, and Genett, which the GSA contracts with to maintain the Federico Degetau Federal Building's adjacent grounds. The United States rejoins that it has no such duty, and that this is a specious argument because Genett and Rainforest Kids are independent contractors, and the FTCA states that the federal government may not be sued for the negligent acts of its contractors. Both Plaintiffs and the United States have found something to cavil at in each cross-motion, which has dragged the disposition of this controversy on for too long. However, the moment for disposition of this simple controversy has arrived.

**Standard of Review**

FED.R.CIV.P. 12(b)(1) is the proper vehicle for challenging a court's subject matter jurisdiction. *Valentín v. Hospital Bella Vista,* 254 F.3d 358, 362–63 (1st Cir.2001). Under this rule, a wide variety of challenges to the Court's subject matter jurisdiction may be asserted, among them those based on sovereign immunity, ripeness, mootness, and the existence of a federal question. *Id.* (citations omitted). When faced with such a jurisdictional challenge, this Court must " ... give weight to the well-pleaded factual averments in the operative pleadings [ ... ] and indulge every reasonable inference in the pleader's favor." *Aguilar v. U.S. Immigration and Customs Enforcement Div. of Dept. of Homeland Sec.,* 510 F.3d 1, 8 (1st Cir. 2007).

■ A plaintiff faced with a motion to dismiss for lack of subject matter jurisdiction has the burden to demonstrate that

such jurisdiction exists. *See Lord v. Casco Bay Weekly, Inc.,* 789 F.Supp. 32, 33 (D.Me.1992); *see also SURCCO v. PRA-SA,* 157 F.Supp.2d 160, 163 (D.P.R.2001). However, in order for a plaintiff's claim to be dismissed for lack of subject matter jurisdiction, due to the inadequacy of the plaintiff's federal claim, that claim must be "... so insubstantial, implausible, foreclosed by prior decisions of this Court, or otherwise completely devoid of merit as not to involve a federal controversy." *Oneida Indian Nation of N.Y. v. County of Oneida,* 414 U.S. 661, 666, 94 S.Ct. 772, 39 L.Ed.2d 73 (1974). In this context, this Court is empowered to resolve factual disputes by making reference to evidence in the record beyond the plaintiff's allegations without having to convert the motion to dismiss into one for summary judgment. *See Lord,* 789 F.Supp. at 33 (D.Me.1992); *see also SURCCO,* 157 F.Supp.2d at 163 (D.P.R.2001); *Garcia Perez v. Santaella,* 364 F.3d 348, 350 (1st Cir.2004). Accordingly, "[w]here a party challenges the accuracy of the pleaded jurisdictional facts, the court may conduct a broad inquiry, taking evidence and making findings of fact." *Hernández–Santiago v. Ecolab, Inc.,* 397 F.3d 30, 33 (1st Cir.2005). Therefore, the court may consider extrinsic materials, "and, to the extent it engages in jurisdictional fact-finding, is free to test the truthfulness of the plaintiff's allegations." *Dynamic,* 221 F.3d at 38; *Aversa v. United States,* 99 F.3d 1200, 1210 (1st Cir.1996). That is, the principle of conversion of a motion to dismiss into a motion for summary judgment when extrinsic materials are reviewed, does not apply in regards to a motion to dismiss for lack of subject matter jurisdiction. *Id.* This is not true when a party proffers a merits defense, which leads to conversion to a Rule 56 analysis. *Hernandez–Santiago,* 397 F.3d at 34.

Motions brought under Rule 12(b)(1) are subject to a similar standard of review as Rule 12(b)(6) motions. *Negron–Gaztambide v. Hernandez–Torres,* 35 F.3d 25, 27 (1st Cir.1994); *Torres Maysonet v. Drillex, S.E.,* 229 F.Supp.2d 105, 107 (D.P.R.2002). Under Rule 12(b)(1), dismissal would be proper if the facts alleged reveal a jurisdictional defect not otherwise remediable. The Court accepts all well-pleaded factual allegations as true, and draws all reasonable inferences in plaintiff's favor. *See Correa–Martinez v. Arrillaga–Belendez,* 903 F.2d 49, 51 (1st Cir.1990)(overruled on other grounds). The Court need not credit, however, "bald assertions, unsupportable conclusions, periphrastic circumlocutions, and the like" when evaluating the Complaint's allegations. *Aulson v. Blanchard,* 83 F.3d 1, 3 (1st Cir.1996).

### Applicable Law & Analysis

The United States makes two sets of arguments in favor of dismissal. The first is that FTCA provides an exclusive remedy against the United States, and not its individual agencies, such as the GSA. Secondly, the United States argues that liability in this case falls squarely on the shoulders of Genett and Rainforest Kids, and that any possible claims against the federal government are shielded either by the FTCA's independent contractor defense, or the statute's discretionary function exception. This Court will discuss each of the above arguments in turn.

*Defendant GSA*

■ 28 U.S.C. § 1346(b)(1) establishes that the United States District Courts have exclusive jurisdiction for claims against the United States. The statute also "provides that the federal district courts shall have exclusive jurisdiction over damages claims against the United States for injury or loss of property, or for personal injury or death 'caused by the negligent or wrongful act or omission of

any employee of the Government while acting within the scope of his office or employment.'" *Celestine v. Mount Vernon Neighborhood Health Center*, 403 F.3d 76, 80 (2nd Cir.2005). Furthermore, the FTCA immunizes most federal employees and agents from "... liability for negligent or wrongful acts done in the scope of their employment." *Id.* Federal agencies and employees cannot be sued under the FTCA, which only allows for suits against the United States *eo nomine*. 28 U.S.C. § 2679(a); *Diaz*, 372 F.Supp.2d. at 680; *F.D.I.C. v. Meyer*, 510 U.S. 471, 476, 114 S.Ct. 996, 127 L.Ed.2d 308 (1994). Accordingly, all claims against the GSA are **DISMISSED WITH PREJUDICE.**

*Independent Contractor Defense*

 The United States pleads for dismissal under the principle of sovereign immunity, arguing that the FTCA does not allow government liability for an independent contractor's negligence. The FTCA acts as a waiver of the United States's sovereign immunity for some torts claims. *Diaz v. United States*, 372 F.Supp.2d 676, 679 (D.P.R.2005); *Thames Shipyard & Repair Co. v. United States*, 350 F.3d 247, 253 (1st Cir.2003). However, this Court lacks subject matter jurisdiction when said waiver has not been unequivocally expressed. *Id.*

The FTCA applies to actions by employees, federal agencies, and instrumentalities of the government, but generally "... does not include any contractor with the United States." 28 U.S.C. § 2671. Therefore, in general, "... the federal government will not be liable for the negligence of independent contractors." *Sanchez Pinero v. Department of Housing and Urban Development*, 592 F.Supp.2d 233, 236 (D.P.R. 2008); *see also United States v. Orleans*, 425 U.S. 807, 96 S.Ct. 1971, 48 L.Ed.2d 390 (1976); *Logue v. United States*, 412 U.S.

521, 93 S.Ct. 2215, 37 L.Ed.2d 121 (1973); *Larsen v. Empresas El Yunque, Inc.*, 812 F.2d 14 (1st Cir.1986); *Brooks v. A.R. & S. Enterprises, Inc.*, 622 F.2d 8, 10 (1st Cir. 1980). However, the general contractor exception does not apply when the government controls the "detailed physical performance of the contractor," and supervises its day-to-day activities. *Heinrich v. Sweet*, 83 F.Supp.2d 214, 221 (D.Mass. 2000) (quoting *United States v. Orleans*, 425 U.S. 807, 814–15, 96 S.Ct. 1971, 48 L.Ed.2d 390 (1976)); *see also Diaz*, 372 F.Supp.2d. at 681; *Brooks v. A.R. & S. Enterprises, Inc.*, 622 F.2d 8, 10 (1st Cir. 1980); *Logue*, 412 U.S. at 523, 93 S.Ct. 2215. In determining whether the United States bears potential liability, the courts must discern whether it has sufficient control over the contractor's daily operations to overcome the exception. *Sanchez Pinero*, 592 F.Supp.2d at 236 (citing *Brooks*, 622 F.2d at 10–11).

The contractual right to inspect the work of a contractor is not generally construed as sufficient control over daily operations as to create liability for the United States. *Id.*; *Larsen*, 812 F.2d at 15 (quoting *Brooks*, 622 F.2d at 12). District courts have used the First Circuit's totality of the circumstances approach for state level immunities when examining the FTCA's independent contractor exception. *Diaz*, 372 F.Supp.2d. at 681 (citing *Nieves v. University of Puerto Rico*, 7 F.3d 270, 279 (1st Cir.1993)). Within this framework, Plaintiffs make arguments based on Commonwealth law, and while this Court finds them unavailing, it should also note that the FTCA, and not state law, establishes the United States' tort liability. *Fisko v. U.S. General Services Admin.*, 395 F.Supp.2d 57, 66 (S.D.N.Y.2005) (citing *Logue*, 412 U.S. at 521, 93 S.Ct. 2215).

As much as the facts of the situation elicit compassion, this Court cannot foist

liability on the United States where the FTCA grants immunity. Both Genett and Rainforest Kids were at all times independent contractors, holding contractual agreements with the GSA to operate on federal property. Rainforest Kids obtained a license to operate its daycare, which gave significant leeway for operation, and indemnified the United States from liability stemming from the daycare's operation. Docket # 50–2.

GSA and Genett also signed a similar contract, but for janitorial and maintenance services, which placed the duty for supervision on the shoulders of the contractor, and also gave Genett responsibility for management, operation, and buildings in an economical, and satisfactory manner. Dockets # # 50–3 & 50–4. According to the GSA's contracting practices, the United States and the contractors sign different forms, validating the contract, which in the case of Genett included a Safety Plan. Docket # 67–11. The United States has proffered a copy of the Safety Inspection Plan submitted by Genett. Docket # 67–6. The agreement clearly puts the every day safety procedures in the hands of the contractor, and these are related to workplace safety and not scheduling. Nothing in the agreement, or any other document included in the record of the present action, insinuates that Rainforest Kids and Genett could not confer regarding the scheduling of outdoor playtime and lawn mowing.

In this case, the United States delegated to Genett the responsibility to maintain the property's grounds, along with the right to implement how said maintenance would be accomplished. This precluded the United States' authority to control the detailed physical performance of Genett's work, and the " . . . ability to compel compliance with federal regulation does not change a contractor's personnel into federal employees." *Letnes v. U.S.,* 820 F.2d 1517, 1519

(9th Cir.1987). Furthermore, Genett had a schedule for cutting the facility's grass, and Rainforest Kids was cognizant of said schedule, or at least had access to it. Docket 67–5 at 3.

This Court concurs with the United States' argument that the method and extent of contractor supervision are included within the independent contractor exception. *See, e.g., Moreno v. United States,* 965 F.Supp. 521, 527 (S.D.N.Y.1997). Moreover, the choice of a contractor is discretionary, and based on policy judgments. *United States v. Gaubert,* 499 U.S. 315, 322, 111 S.Ct. 1267, 113 L.Ed.2d 335 (1991), created a process when determining the applicability of the discretionary duty exception. This involves determining whether the act "involv[es] an element of judgment or choice" intertwined with the nature of the conduct. *U.S. v. Gaubert,* 499 U.S. 315, 322, 111 S.Ct. 1267, 1273, 113 L.Ed.2d 335 (1991)(citing *Berkovitz v. United States,* 486 U.S. 531, 536, 108 S.Ct. 1954, 1958, 100 L.Ed.2d 531 (1988) and *United States v. Varig Airlines,* 467 U.S. 797, 813, 104 S.Ct. 2755, 2764, 81 L.Ed.2d 660 (1984)). Moreover, the decision must be based on public policy considerations. *Id.* at 323, 111 S.Ct. 1267 (citing *Berkovitz,* 486 U.S. at 537, 108 S.Ct. 1954).

While hardly of central policy importance, maintenance and repair contracts have been covered by the discretionary duty exception. *Diaz,* 372 F.Supp.2d. at 682 (citing *Hostetler v. United States,* 97 F.Supp.2d 691, 695 (E.D.Va.2000); *Varig,* 467 U.S. at 819–820, 104 S.Ct. 2755). Likewise, the mere right to inspect the work of a contractor does not defeat the exception. *Brooks,* 622 F.2d at 12. Given that this Court has held that the independent contractor exception governs the present action, there is no need to analyze the discretionary function test.

351

However, the duty to coordinate could create FTCA liability where the government is cognizant of the dangers presented to the public by a particular activity. Nevertheless, such circumstances are not present in this case, which presents a quotidian example of the FTCA's independent contractor exception. Accepting Plaintiffs' position that the GSA had a duty to coordinate its contractors' schedules would also require the United States and Rainforest Kids to coordinate the activities occurring at the day-care center, and when these were permitted. The same would be true for Genett and janitorial services. Such a standard would lead to micro-management, provide few if any practical benefits, and create an unneeded level of bureaucracy. Plaintiffs did not leave their child in the care of the United States, so they should have no legitimate expectation of governmental liability when their claim arises from alleged facts involving a private child care provider, and a private janitorial contractor. This standard does not place Plaintiffs in a situation where they are without a legal remedy. They may pursue their claims against the allegedly directly culpable parties, Rainforest Kids and Genett. Therefore, all claims under the FTCA against the United States are hereby **DISMISSED WITH PREJUDICE.**

*Supplemental Law Claims*

Plaintiffs brought the present claim to this Court under federal question jurisdiction, 28 U.S.C. § 1346(b), due to the FTCA claims against the United States. However, the complaint also included supplemental causes of action under the Commonwealth's general torts statutes, Articles 1802 & 1803 of the Puerto Rico Civil Code, against Rainforest Kids and Genett. Nevertheless, having dismissed Plaintiffs' federal law claims, this Court will similarly dismiss Plaintiffs' supplemental Commonwealth law claims, for which jurisdiction depends on the presence of a federal question. *See Newman v. Burgin,* 930 F.2d 955, 963 (1st Cir.1991) ("[t]he power of a federal court to hear and to determine sate-law claims in non-diversity cases depends upon the presence of at least one 'substantial' federal claim in the lawsuit."). Plaintiffs' supplemental law claims will be **DISMISSED WITHOUT PREJUDICE.**

Conclusion

For the foregoing reasons, all claims against the United States and the GSA are **DISMISSED WITH PREJUDICE,** and all claims against the private actors are **DISMISSED WITHOUT PREJUDICE.** Judgment shall be entered accordingly.

**IT IS SO ORDERED.**